DANIEL STEWART *v.* RICHARD ATEN'S LESSEE.

A description upon a duplicate, and a sale for taxes of a tract of land, as 150 acres, part of Section 36, N. W. corner, is defective, unless the 150 acres were situatè in the N. W. corner of the Section, and in a square form.

THIS is a petition in error to reverse the judgment of the District Court of Athens county.

The original action was ejectment, brought to recover a tract of land in Rome township, in said county, and bounded and described as follows: Beginning at the north-west corner of section 36, Tp. 6, R. 12; thence east 80 rods; thence south 230 rods; thence west 80 rods, to the section line; thence north to the place of beginning, containing 115 acres.

The case was tried at the September term, 1854, of the district court, by the court, and resulted in a judgment in favor of the plaintiff below.

The record contains a bill of exceptions, from which it appears that the legal title of the lessor of the plaintiff below having been given in evidence, the defendant below, to show the title to this land out of the lessor of the plaintiff below, and to maintain the issue on his part, gave in evidence a deed in due form of law, from the auditor of Athens county, dated June 27, 1846, for a tract of land sold on the 8th day of January, 1844, for the taxes of 1842 and 1843. The bill of exceptions does not show how the land was described in the auditor's deed, but it appears that the lessor of the plaintiff produced in evidence the record of the delinquent list, and of the sales made.

The delinquent list contained the following:

| No. 7, ROME. | Range. | Town. | Section. | Part. | Acres. | Value. | Taxes, interest and penalty of 1842, including taxes of 1843. | |
|---|---|---|---|---|---|---|---|---|
| Wood, Fred. ...... | 12 | 6 | 36 | N.W. | 150 | 159 | 5.51.0 | Sold to R. de Steiguer. |

The record of sales contained the following: " 150 acres sold to R. de Steiguer, in Section (36), Tp. (6), Range (12), N. W., charged in the name of F. Wood, for taxation, he being the best bidder, and having paid the sum of $5.51, charged on said lands."

It further appeared in evidence, that the tract of land in fact delinquent, and on which the $5.51 were due, and unpaid, was a 150 acre tract, in the north-west corner of the section, and of the shape represented in the plat of said section, as follows:

The land sought to be recovered in the action of ejectment was the 115 acres designated on the above plat, being a parallelogram, 230 rods long on the west line, by 80 rods wide on the north line of the section.

The record does not show that the defendant below was the assignee of the purchaser at the tax sale, but counsel, in argu ment, seem to recognize such to be the fact.]

The plaintiff below objected "to the sufficiency of said descrip tion of said 150 acres so sold for taxes," and the court sustained the objection, and gave judgment for the plaintiff and against the defendant below; to which action of the court the defendant below excepted, and on that ground moved the court for a new trial; which motion the court overruled, and the defendant below ex cepted.

The plaintiff in error now assigns for error the action of the court in sustaining the objection to the sufficiency of the descrip-

tion of said 150 acres, and overruling the motion for a new trial, and giving judgment as stated.

*A. G. & H. T. Brown,* for plaintiff in error, insisted that the description was sufficient to cover the land which was in fact delinquent; but in case it should be held that the description defines 150 acres in a square form in the north-west corner of the section, then the judgment of the district court would be erroneous; for, under that construction, 75 acres of the 115 would have been embraced within the square, leaving but 40 of the 115 acres out of it; and that in either case the judgment of the district court was erroneous.

*Welch & Jewett,* for defendant in error.

*Mr. Welch* submitted an argument, in which he insisted that the description " 150 acres north-west," defines a square in the corner; and that, as the law required the advertisement to give a " pertinent description" of the land, and the tax charged against it, the advertisement was subject to this *dilemma*: The tax was charged on one tract—150 acres, of an F shape, and another tract—150 acres, of a square shape—was advertised as delinquent. Either the wrong tax was assessed, or the wrong land was advertised.

J. R. SWAN, J.

When land is described in a deed or other instrument as a certain number of acres, situate in the corner of a designated tract, the description would be wholly defective, unless certainty could be given to it by legal construction. It has, therefore, been held, in order to sustain such description, that it means a square. Applying this rule of construction to the duplicate in the case before us, there was an assessment of taxes upon 150 acres of land, situate in the north-west corner of section No. 36, in the form of a square. Such square was assessed with taxes, which should have been assessed upon 150 acres shaped like an F; and the square included lands not within the bounds of the last mentioned

premises. Penalties for the non-payment of taxes, upon premises without the bounds of the square, and which were not assessed with taxes at all, have been laid upon the square; and the square has been sold to pay these unauthorized taxes and penalties. It is therefore clear, that the fact that a part of the 150 acres, intended to be assessed, being within the limits of such square, affords no ground for a recovery of that part of the 150 acres which fall within the limits of a square. It would be permitting one part of a tract of land to be assessed, and sold with penalties and interest for the taxes of another portion, not assessed.

If we reject the rule of construction by which the description of the land is held to be a square, what other shall be adopted to find the land described on the duplicate? Proof that the person named as owner, in fact owned 150 acres somewhere in the northwest part of the section, has never been permitted or recognized as a mode of helping out a defective description in a tax duplicate.

The 115 acres claimed by the plaintiff, so far as the tax duplicate describes it, might as well be in the form of a V as of an F. A portion of the tract is nearer the south-west than the northwest corner. There is nothing in the tax duplicate description by which the 115 acres could be found. This defect is fatal to the tax title. It is said that it is impracticable for the auditor of the county to give such description of sub-divisions of land as that they may be found. This may be true; and, it is also true, that the courts of this State have, ever since their organization, required such description, to render a tax sale valid; and that the general assembly, advised of this by reported adjudications, have not interfered by legislation with the rulings of the courts upon this subject.

In many, perhaps in all cases, the auditor of a county could make brief references upon the duplicate to plats and records in his office, so that the same might form a part of the description in the duplicate, and thus avoid a common objection to tax titles.

*Judgment below affirmed.*