## J. C. WALTERS v. T. W. VANDERVEER.

EVIDENCE; *Competency of Written Statement; Meaningless until Explained.*
It is not necessarily a fatal objection to the admission of a writing, that,
considered by itself, and without explanation from extrinsic matters, it
is wholly unintelligible. If such extrinsic matters interpret its meaning,
and show its bearing upon the controversy, it may not only be compe-
tent and relevant, but absolutely decisive of the case.

*Error from Franklin District Court.*

ACTION by *VanDerveer* to recover from *Walters* $110 alleged
to be the balance due for wages as a clerk. Plaintiff's bill
was for services from Nov. 23d 1873 to January 10th 1874,
at $15 per month; from 10th January 1874 to 20th August,
at $30 per month; and from 20th August to October 7th
1874, at $15 per month. Total, $267, on which he admitted
payments to amount of $157. *Walters* denied all indebted-
ness. Trial at November Term 1874. Verdict and judg-
ment for $110, and *Walters* brings the case here on error.

*John W. Deford,* for plaintiff in error. ·

*Benson & Parkinson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: But a single question is presented in this
case, and that is as to the admissibility in evidence of a cer-
tain memorandum in writing. The action was for wages.
The matter of dispute was the rate at which Walters had
agreed to pay VanDerveer. And the following quotation
from the record presents the alleged error:

In rebuttal the plaintiff testified: "One day in the hotel
Mr. Walters was speaking about his expenses, and said he
must cut them down, and then took paper and pencil and
made memorandum of what his help had been costing him.
He left the memorandum on the desk. I picked it up, and
have kept it ever since. It is all in his handwriting. This
is the paper. The names written thereon are the names of

various employés in the hotel, and the figures opposite are the wages he was paying. No other employé than myself was receiving $30 per month at that time." The plaintiff offered in evidence a slip of paper upon which was written in pencil-marks the following, to-wit:

| "Van, . . . 30. | Jordon, . . . 15. | Wash, . . . 17. |
| Cook, . . . 22. | Mollie, . . . 17. | Carrie, . . . 10. |
| Jerry, . . . 12. | Ben, . . . . 12. | ———— |
| | | 135." |

To which the defendant objected on account of its incompetency, irrelevancy, and immateriality, the plaintiff not having shown any connection therewith to his employment by said defendant. The court overruled the objections of the defendant, to which ruling defendant duly excepted.

We see no error in the ruling. The testimony was the written statement of the defendant, and therefore competent. Interpreted by the accompanying testimony, it referred to the exact matter of dispute, and was therefore both relevant and material. That standing alone, and unaided by extrinsic facts, it is comparatively unintelligible, does not necessarily destroy either its competency or its value. Statements, both oral and written, are daily admitted in evidence in trials, which have meaning and value as testimony only in the light of and as explained by extrinsic matters. The monosyllable, "yes," standing by itself may be wholly destitute of signification; but when shown to have been the answer to a question, may be absolutely decisive of the controversy. So here this row of figures opposite to certain names by itself may be, in the language of counsel, "as devoid of meaning as the picture-writing on the rocks of Mexico;" but read in the light of VanDerveer's testimony, it is impossible not to perceive that it is both intelligible and significant. Indeed, an examination of the evidence given in this case almost justifies the assertion that it was the pivotal fact.

This being the only matter presented by counsel in his brief, the judgment will be affirmed.

All the Justices concurring.