MERRITT H. THOMPSON v. H. H. WARNER.

CONTRACT; *Breach; Liability.*    Where W. contracts with T. to sell to T. a safe in the possession and under the control of L., and contracts that L. shall deliver the same to T., and T. agrees that upon delivery thereof he will pay $15, and L. refuses absolutely to deliver the safe, *held,* that T. may at once, and without a tender of the $15, commence an action against W. for the damages sustained by T. on account of the failure and refusal of L. to deliver the safe.

*Error from McPherson District Court.*

ACTION by *Thompson* against *Warner,* to recover damages for an alleged breach of an executory contract.    The defendant's demurrer to plaintiff's bill of particulars was sustained at the October Term, 1883, of the district court.    This ruling *Thompson* brings to this court.    The opinion states the case.

*R. F. McGrew,* for plaintiff in error.
*Frank G. White,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Merritt A. Thompson against H. H. Warner, before a justice of the

peace of McPherson county, Kansas, to recover $45, as damages for the alleged breach of an executory contract. The plaintiff's bill of particulars reads as follows:

"Merritt A. Thompson, plaintiff herein, alleges that an agreement was made, on or about May 26, 1883, by and between H. H. Warner, the defendant herein, (through one H. W. Flahavan, who was agent of the said defendant,) and this plaintiff, whereby the said defendant agreed to sell to the plaintiff one certain iron fire-proof safe, then in the possession of Loomis Brothers, at McPherson, Kansas, (Loomis Brothers being a firm doing business at McPherson under said name and style.)

"And further alleges that the defendant agreed to deliver the said safe to the plaintiff, after the arrival of a new safe to be consigned and shipped by railroad to the said Loomis Brothers by the defendant; and appointed the said Loomis Brothers to make delivery to the plaintiff of said safe upon the happening of the aforesaid event.

"And further alleges that the price to be paid by him was thirty dollars — one-half cash on delivery, and one-half on a credit of three months.

"Plaintiff further alleges that the new safe to be consigned to Loomis Brothers, as stated aforesaid, arrived at the depot of the A. T. & S. F. Rld. Co. in the city of McPherson about the middle of July, 1883, and the said Loomis Brothers were fully informed of the same, and have had ample time and opportunity to have taken possession of the said new safe and to have delivered possession of the said old safe to this plaintiff; but instead of so doing they absolutely refused to deliver the said old safe to the plaintiff.

"Plaintiff alleges that after the arrival of the said new safe, and on or about July 25, 1883, he made demand of the said Loomis Brothers of the possession of the said second-hand safe, but was peremptorily and totally refused, they, the said Loomis Brothers, declaring that they should neither accept the new safe nor let go the old one.

"Plaintiff alleges that he has at all times stood ready to perform his part of the agreement with the defendant aforesaid, and has done all things necessary and proper to be done on his part in order to carry out the said agreement and to obtain possession of the said safe, but that the defendant has wholly failed on his part to perform his said agreement.

"And further alleges that the fair value of the said second-

hand safe was seventy-five dollars ($75,) and that he has suffered damage by the defendant's failure to fulfill his said agreement to the amount of forty-five dollars, and claims a judgment for that amount."

The defendant demurred to this bill of particulars, upon the ground that it did not state facts sufficient to constitute a cause of action; and the justice of the peace sustained the demurrer. The plaintiff then took the case to the district court upon petition in error, where the judgment of the justice of the peace was affirmed; and the plaintiff, as plaintiff in error, now brings the case to this court and asks that both the judgment of the district court and the judgment of the justice of the peace be reversed.

Passing over the first and second points made by the plaintiff in error in his brief, which points we think are wholly untenable, we shall consider more at length the third point made by him in his brief. The third point is substantially that the plaintiff's bill of particulars did state facts sufficient to constitute a cause of action, and therefore that both the justice of the peace and the district court erred in holding otherwise. Upon this point we think the plaintiff is correct. We think the plaintiff made a good contract for the purchase of the second-hand safe mentioned in the bill of particulars, and under such contract the defendant was bound to deliver the safe, or cause the same to be delivered to the plaintiff; and for the failure and refusal to so deliver the safe the defendant is liable.

The defendant, however, claims that the entire trouble was caused by the Loomis Brothers, and not by the defendant, and therefore that the defendant is not responsible. In this we think the defendant is mistaken. The defendant was to deliver to Loomis Brothers a new safe, and was to cause Loomis Brothers to deliver the old one to the plaintiff; and the defendant was responsible for any failure on the part of the Loomis Brothers to deliver the old safe to the plaintiff, whatever may have been the cause of such failure. Possibly, as between the defendant and the Loomis Brothers, the de-

fendant has no right to complain. Possibly the defendant did not fulfill his contract with them. Possibly, under the contract between him and them, they were not bound to accept the new safe which the defendant shipped to them, and were not bound to deliver the old safe to the plaintiff; but, under the contract between the plaintiff and the defendant, the defendant was evidently bound to see that the old safe was delivered to the plaintiff.

The defendant also claims that the plaintiff did not make any tender of the $15 which he was to pay on the delivery of the safe. Now it was not necessary, under the circumstances of this case, that any such tender should be made; for the safe was never delivered, and no offer was ever made to deliver the same, but on the contrary, the parties having the same in possession, and representing the defendant, utterly failed and refused to deliver the same. The plaintiff was not bound to do a foolish thing. He was not bound to tender the money for the safe when he knew that the safe would not be delivered. The defendant, however, claims that this payment was a condition precedent. Now for the purpose of the case we might treat it as a condition precedent, and still the plaintiff's bill of particulars would be sufficient. Section 122 of the civil code reads as follows:

"SEC. 122. In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish on the trial the facts showing such performance."

But we do not think that the payment of this money was a condition precedent. In fact, the delivery of the safe and the payment of the money were concurrent and dependent acts, to be performed by the parties contemporaneously, and one was no more a condition precedent than the other; or, if either was more a condition precedent than the other, then under the allegations of the pleadings it was the delivery of the safe, and not the payment of the $15, that was the condition precedent. We shall treat the two acts, however, as

dependent and concurrent; and in such a case, where one of the parties is ready and willing to perform, and the other is unwilling and refuses, the one who is ready and willing may commence an action without making any formal tender of performance on his part.

We think the plaintiff's bill of particulars states facts sufficient to constitute a cause of action, and therefore that both the justice of the peace and the district court erred.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.