## H. H. WARNER v. M. A. THOMPSON.

1. CONTRACT— *Construction by Court.* Where a written contract is unambiguous in its terms, its interpretation or construction is a matter of law for the court.

2. CONTRACT—*Party Responsible for Breach.* Where the agent of W. accepts an order from T. to sell to T. a safe in the possession and under the control of L., and the order provides that L. shall deliver the same to T., and the order is subject to the approval of W., and W. afterward approves the same and directs L. to deliver to T. the safe, but L. refuses absolutely to do so, *held*, that T. is not responsible for the refusal or wrong of L., and W. is liable to T. for the damages of the breach of the contract on his part.

*Error from McPherson District Court.*

ON May 26, 1883, the following order or agreement was signed:

"H. H. Warner, please consign one Mosler O. Bahman fire-proof safe, size inside, 22 inches high, 17 inches wide, 12 inches deep, to M. A. Thompson, town of McPherson, county of McPherson, state of Kansas. The undersigned is to take possession of safe taken in exchange from Loomis Bros. on arrival of their new safe, and agrees to pay $30 for the same, fifteen dollars on delivery or consignment of safe, with interest at 8 per cent. for balance, which is due in three months; undersigned takes above safe where it stands. This order subject to approval by H. H. Warner. In case of deferred payment, notes to be forwarded to you at the expiration of 25 days from date of invoice, or the amount shall become due at the expiration of 30 days from the date of bill; and I agree to accept and pay draft of amount mentioned above and not to countermand the same. It is agreed that the title to said safe shall not pass until notes are paid, or safe paid for in cash, but shall remain your property until that time. In default of payment you or your agent may take possession of and remove said safe without legal process, and I hereby waive all claims of damage arising from such removal. It is hereby also expressly agreed and understood that the foregoing embodies all the agreements made between us, in any way, hereby waiving all claims of verbal agreements of any nature, not embodied in this order. Truly yours, M. A. THOMPSON.

"Net price, $30. Short delay."

Subsequently, M. A. Thompson brought this action against H. H. Warner for a breach of contract, alleging that a new safe arrived at McPherson, in this state, for Loomis Bros., on July 25, 1883, and thereupon he made demand of said Loomis Bros. for the possession of the second-hand safe mentioned in said order or agreement, but the same was refused to him, the said Loomis Bros. declaring they would neither accept the new safe nor let the old one go. The defendant filed an answer, which contained, among other things, a general denial, and set forth said order or agreement between the parties; but also alleged that the condition precedent to the taking effect of said order was that the defendant should approve the same, and that the defendant had never approved it and had always refused so to do. The defendant for a third defense set forth that—

"The words in said order, to wit, 'The undersigned is to take possession of safe taken in exchange from Loomis Bros. on arrival of their new safe,' mean 'on arrival and acceptance by Loomis Bros. of their new safe;' that this was a condition precedent to the taking effect of the contract between the parties to this suit; that Loomis Bros. never did accept their new safe, and defendant denies that he agreed to sell or deliver to plaintiff said safe until Loomis Bros. accepted their said new safe."

To this third defense the plaintiff demurred, which demurrer, after argument and consideration by the court, was sustained. To the other portions of the answer, the plaintiff filed a reply alleging that the defendant ratified the order and agreement set forth in his answer. Trial had at the October Term, 1884, by the court without a jury. The court, at the request of the defendant, made the following findings of fact:

"1. The contract set up in defendant's bill of particulars was made and entered into by the plaintiff and defendant.

"2. The defendant ratified or approved the sale of the safe therein made by his agent.

"3. Both plaintiff and defendant well knew at time of contract that the old safe had not come to the possession of defendant, and that he only had then an equitable title or interest in it or a contract of trade for it.

"4. Both parties supposed in good faith at time of contract that said safe would come fully to the ownership and possession of defendant.

"5. Said safe did not come to the ownership or possession of said defendant, the Loomis Bros. named refusing to accept the new safe and therefore refusing to give up the old.

"6. Said new safe came for Loomis Bros. in a reasonable time, and thereupon plaintiff demanded and offered to take the old safe as per his agreement.

"7. Said plaintiff has at all times been ready and willing to comply with all the conditions of the contract upon his part and the defendant the same, only that he could not, because Loomis Bros. would not give up the safe.

"8. The reasonable value of the safe in question was $65."

Thereupon the court made the following conclusion of law:

"Plaintiff is entitled to recover for breach of the contract the sum of thirty-five dollars."

Judgment was entered accordingly for the plaintiff against the defendant for $35, his damages so found, together with all costs. The defendant excepted to all the findings and the judgment, and brings the case here.

*Frank G. White*, for plaintiff in error.

*M. A. Thompson*, defendant in error, for himself.

The opinion of the court was delivered by

HORTON, C. J.: It is alleged that the court erred in sustaining the demurrer filed by plaintiff below to the third defense set up in the answer of defendant. We think not. The order or contract provided that the defendant was to take possession of the old safe accepted in exchange from Loomis Bros., on the arrival of the new safe. The third defense interpolated in the contract, after the word "arrive," "and acceptance." The defendant cannot be permitted to give his own construction of the contract by adding other words. The interpretation or construction of a writing, unambiguous in its terms, is a matter of law for the court to pass upon.

1. Contract to be construed by court.

It is next alleged that the district court erred in sustaining

the exceptions filed by plaintiff below to a deposition in behalf of defendant. The deposition was that of Hiram Stockbridge, the general manager of the business of the defendant. It showed, among other things, that on May 31, 1883, the defendant received at his office at Rochester, New York, an order for a safe from Loomis Bros., McPherson, in this state, and at the same time the order from plaintiff below for the old safe to be taken in exchange from Loomis Bros.; that the defendant sent printed notices to Loomis Bros. and plaintiff below, and that the defendant acknowledged receipt of the orders; that on June 21, 1883, the safe ordered by Loomis Bros. was shipped them by the defendant in exact accordance with their agreement of June 11th, and that the defendant sent to plaintiff below a bill for the old safe on the terms of his order, and also an order on Loomis Bros. for its delivery to him; that Loomis Bros. refused to take the new safe from the depot, or to deliver the old safe to the plaintiff, although the defendant made repeated efforts to induce them to do so. The part of the deposition that the court ruled out was as follows: "The order of said Thompson was contingent upon his taking possession of the safe as stipulated in his order, and has never been approved or accepted by the said H. H. Warner upon any other consideration; that said H. H. Warner never agreed to deliver possession of the safe to Thompson;" and also, "believing Loomis Bros. to have received their new safe, said Warner sent Thompson a bill for the old safe." We perceive no material error in the rejection of this testimony. The contract is in writing, and speaks for itself; and all the testimony attempting to vary or contradict the written order or agreement was incompetent. The defendant was to deliver to Loomis Bros. a new safe, and was to cause Loomis Bros. to deliver the old one to the plaintiff, and defendant was responsible for any failure on the part of Loomis Bros. to deliver the old safe to plaintiff, whatever may have been the cause of such failure. (*Thompson v. Warner*, 31 Kas. 533.) If Loomis Bros. were guilty of a breach of the contract with the defendant, plaintiff below was

2. Contract; breach; responsibility.

not responsible, and if the defendant has suffered damages on account of the action of Loomis Bros., plaintiff ought not also to suffer. The defendant was evidently bound to see that the old safe was delivered to plaintiff. If he failed so to do, he was liable for a breach of his contract, as it clearly appears from the evidence in the case that he approved the order or agreement signed by the plaintiff and dated May 26, 1883.

After an examination of the record, we find that there was sufficient evidence to sustain the findings and judgment of the trial court; therefore the judgment must be affirmed.

All the Justices concurring.