H. N. MAYBERRY v. ALBERT BECK *et ux.*

No. 14,184. (81 Pac. 191.)

SYLLABUS BY THE COURT.

1. CONVEYANCES—*Description in Deed—Construction.* A description in a deed of an acre or other definite quantity of land in the corner of a particular tract will ordinarily be held to mean a square acre in such corner, but if other parts of the description show that a particular parcel less in quantity and different in form was intended to be described the quantity mentioned will not control.

2. —— *Exception in a Deed.* Where a deed conveying land contained an exception of an acre previously conveyed to another out of the northwest corner of the tract mentioned, and it appeared that the part conveyed to such other was fenced, and although usually referred to as an acre was only three-fifths of an acre, the exception will be deemed to cover the part actually conveyed to such other rather than a full, square acre out of the corner of the tract.

3. —— *Latent Ambiguity—Parol Evidence.* Where there is a latent ambiguity in the description of the land conveyed by deed parol evidence may be received, not to contradict the instrument but to explain the ambiguity, and to that end

39—71 KAN.

testimony as to the situation and condition of the land conveyed, the circumsances under which the conveyance was made and the practical construction put upon the conveyance by the parties may be admitted.

Error from Bourbon district court; WALTER L. SIMONS, judge.   Opinion filed June 10, 1905.   Affirmed.

*Biddle & Lardner,* for plaintiff in error.

*John V. McKinney,* and *John H. Crain,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to recover land in Bourbon county, and for coal alleged to have been taken from the land.   On August 13, 1886, H. N. Mayberry was the owner of a quarter-section of land, and on that day he conveyed to the Mt. Zion Moore's Branch Christian Church organization a small part, being twelve rods long and eight rods wide, out of the northwest corner of the land, describing it by metes and bounds.   In 1896 he executed a deed to H. J. Winter, conveying the west half of this quarter-section, with the reservation "except one acre out of the northwest corner deeded to Mt. Zion Moore's Branch Christian Church."   In 1898 Winter conveyed the same land to Ida Sheppard, describing the eighty-acre tract without excepting from it the church-lot. In 1902 Sheppard conveyed the land to Alma Beck, "except one acre off the northwest quarter deeded to Moore's Branch Church."   In mortgages given on the west half of the quarter-section the church-lot was excepted, and designated as one acre out of the corner deeded to the church organization.

It was shown at the trial that the church-lot was enclosed with a stone fence and otherwise improved soon after it was purchased from Mayberry, and that the possession of the balance of the eighty-acre tract was

held by his grantees, after he conveyed it in 1896. He claims that the exception of one acre out of the corner of the eighty-acre tract sold to Winter reserved to himself a square acre out of that corner, and that as the church organization obtained only three-fifths of an acre he still owned and was entitled to recover the remaining two-fifths of that acre. The defend- ants contend that the description in the deed mani- festly excepted the tract actually conveyed to the church organization; and while that was a short acre it was the particular acre or lot conveyed to the church organization, and no more than that was intended to be excepted. The court sustained the contentions of the defendants.

It is true, as plaintiff argues, that a description of an acre or other definite quantity in the corner of a particular tract will ordinarily be held to mean such quantity lying in square form in the corner named. (*Stewart v. Aten's Lessee,* 5 Ohio St. 257; *Green v. Jordan,* 83 Ala. 220, 3 South. 513; *Lego v. Medley,* 79 Wis. 211, 48 N. W. 375, 24 Am. St. Rep. 706; 4 A. & E. Encycl. of L. 792.)   If there was nothing else in the description to aid in identifying the land the plain- tiff would not be without support in his contention. Quantity is an aid, but does not control, in locating granted premises, where there are other things in the description that certainly define the land intended to be conveyed.   Here there were other features of the description that showed plainly enough that it was the intention to describe and except a particular tract or lot rather than a particular quantity, and where this is true mere quantity or acreage will not control. (*Armstrong v. Brownfield,* 32 Kan. 116, 4 Pac. 185; *Kemple v. Hilmore,* 66 id. 810, 72 Pac. 1100.)   The lot is described as the one conveyed to the church or- ganization, and no other having been conveyed to, or owned by, it the intention of the parties is reasonably clear.   It had established and well-known boundaries,

shown in the deed of conveyance, and marked out by a stone fence that enclosed it. Although it was a short acre it seems to have been designated and referred to in the deeds and mortgages as an acre. Following the rule that where other parts of a description are sufficiently certain to define the parcel of land intended to be conveyed they will overcome the mention of quantity, if the two do not coincide, we must hold that the acre referred to was the descriptive name of the lot, and not the precise quantity intended to be excepted from the conveyance.

Complaint is made of the admission of parol testimony, but we think it was justified. The difference between the quantity named in the deed and the other features of the description made a latent ambiguity that warranted the admission of testimony showing the intention of the parties. Such testimony may not be received to contradict the language of the instrument but to explain latent ambiguities, and to that end it may be resorted to in order to show the situation and condition of the property conveyed, the circumstances under which the conveyance was made, and the practical construction put upon the conveyance by the parties. The testimony not only showed the situation of the property, the manner in which its boundaries were marked, and the possession and control of the same by the grantees of Mayberry, but the further fact that he negotiated for the repurchase of the property in controversy and to obtain the right to mine coal under the same. All these things contribute to explain the latent ambiguity in the deed and to show the intention of the parties to it.

The judgment of the trial court is affirmed.

All the Justices concurring.