MARMET-HALM COAL & COKE CO. v. CINCINNATI, L. & A. ELEC. ST. RY.

1. UNCERTAIN TAX DEED CANNOT BE SUPPLEMENTED BY AUDITOR'S PLAT TO WHICH NO REFERENCE IS MADE THEREIN.

Where the description in a tax deed is so indefinite as to make it impossible to locate the land, the holder of the deed cannot bring to his aid a plat in the auditor's office to which no reference is made in the deed or on the duplicate, and such deed is void for uncertainty.

2. REVISED STATUTES 4114 (LAN. 6789) UNCONSTITUTIONAL AS BEING CONFISCATION OF PROPERTY.

Revised Statutes 4114 (Lan. 6789), which makes knowledge by a person acquiring title to property by deed of a prior tax sale and consequent claim of title and ownership conclusive proof of adverse possession against him, is unconstitutional as being in effect a confiscation of property.

[Syllabus approved by the court.]

**Maxwell & Ramsey,** for plaintiff.

**Shepherd & Shaffer** and **Peck, Shaffer & Peck,** for defendant.

**GIFFEN, J.**

The plaintiff seeks to quiet title to three and sixty-four hundredths acres of land in Miami township, Hamilton county, Ohio, being the south part of lot No. 13 as designated on the plat of subdivision made in partition proceedings among the heirs of Anna H. Taylor, deceased, the entire lot containing nine and fourteen-hundredths acres. The plaintiff shows title by deed and possession of the land.

Coal & Coke Co. v. Railway.

The defendant offers in evidence a tax deed dated July 27, 1882, executed in pursuance of a forfeited land sale had in 1877, from which time it claims to have been in adverse possession. The objection to the deed is, that the description was so uncertain and indefinite that the land could not be found. It is as follows:

"Situate in said county of Hamilton, and described as follows, to wit: Part lot 13, 3-64-100 acres. Taylor's heirs. Value, $600. North Bend, Miami township."

The description on the tax duplicate is as follows:

"Fred C. Schwartz, Tax—Miami township. Part lot 13, Taylor's heirs, 3.64 acres. Value, $710."

It is impossible to tell, from either of these descriptions, where in Miami township Lot 13, Taylor's heirs, is situated, or in what part of lot 13 the 3.64 acres may be found, but it is claimed that the description is aided by a plat in the auditor's office of lot 13, marked Taylor's heirs, showing 3.64 acres in the southern part of the lot. Counsel rely upon the case of *Stewart* v. *Aten*, 5 Ohio St. 257, 261, where it is said:

"In many, perhaps in all cases, the auditor of a county could make brief references upon the duplicate to plats and records in his office, so that the same might form a part of the description in the duplicate, and thus avoid a common objection to tax titles."

In this case there is no reference upon the duplicate nor in the deed to the plat offered in evidence; it is true that the number of the lot and amount of land, and the words "Taylor's heirs" are the same in each, but it does not appear from the plat in what part of the county the lot is located. Under a uniform line of decisions in this state, the deed must be held void for uncertainty.

As to the claim of adverse possession, the defendant does not rely upon actual possession, but such as arises by force of Rev. Stat. 4114 (Lan. 6789), which provides:

"The knowledge, by a person acquiring title by deed executed after such tax sale, of the payment of taxes, and the claim of title and ownership, shall, as to such person, be taken as conclusive proof of possession."

We think the evidence shows that the plaintiff had knowledge of the facts therein enumerated when it acquired title by deed, which as to it would be conclusive proof of possession under this section of the statutes. We are of opinion, however, that this section must be declared unconstitutional, under the case of *Magruder* v. *Esmay*, 35 Ohio St. 221, the fourth proposition of the syllabus being as follows:

"The provision of the act of May 7, 1869 (66 O. L. 338), prescrib-

Hamilton County.

ing what shall constitute conclusive proof of possession in favor of a purchaser at a tax sale, cannot constitutionally operate to set the statute of limitations running in favor of such purchaser prior to the passage of the act."

Under the facts in the case, the court was not required to declare the act unconstitutional, except as to its operation prior to its passage, but on page 239 Boynton, J., says:

"Insofar as the act under consideration operates to set the statute of limitations in motion in respect to tax sales occurring before its passage, and makes the knowledge of the existence of the facts therein enumerated conclusive proof of possession in fact, we hold it to be in conflict with the constitution."

And at page 238 he quotes with approval from Cooley, Const. Lim. as follows:

" 'Except in those cases, which fall within the familiar doctrine of estoppel at the common law, or other cases resting upon the like reasons, it would not, we apprehend, be in the power of the legislature to declare that a particular item of evidence should preclude a party from establishing his rights in opposition to it. * * * A statute, therefore, which should make a tax deed conclusive evidence of a complete title, and preclude the owner of the original title from showing its invalidity, would be void, because being not a law regulating evidence, but an unconstitutional confiscation of property.' "

We are therefore constrained to hold that insofar as this section makes the knowledge of the existence of the facts therein enumerated conclusive proof of possession in fact is in conflict with the constitution. The tax deed of the defendants being void, and having failed to show adverse possession, the plaintiff is entitled to a decree quieting its title to the premises in controversy.

**Jelke** and **Swing, JJ.,** concur.

---

## CONFLICT OF JURISDICTION—ERROR—NEW TRIAL.