No. 18,439.

ROSE L. RETTIGER et al., Partners, etc., *Appellants,* v.
ED E. DANNELLY et al. (THE EMPIRE STATE SURETY
COMPANY, *Appellee*).

### SYLLABUS BY THE COURT.

WRITTEN CONTRACT — *Unambiguous* — *Interpretation for the
Court.* Where a written contract is unambiguous in its terms
its interpretation or construction is a matter of law for the
court; only where an ambiguous expression is used in such a
contract may the practical interpretation placed upon it by
the parties become a question of fact.

Appeal from Neosho district court; JAMES W. FIN-
LEY, judge. Opinion filed December 6, 1913. Affirmed.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for
the appellants.

*James M. Nation,* of Erie, and *E. W. Grant,* of Cha-
nute, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellants in this case brought an
action in the district court of Neosho county against
the appellee and one Ed E. Dannelly, in which the
petition alleged, in substance, as follows: That the ap-
pellants are copartners engaged in the business of fur-
nishing building stone; that the appellee is a corpora-
tion organized for the purpose and engaged in the busi-
ness of furnishing surety bonds for contractors in the
state of Kansas; that Dannelly entered into a contract
with a church society at Chanute, by the terms of
which he agreed with the society to construct a church
building in that city according to certain plans and
specifications and that he would furnish all labor and
material of every kind to build such church. A copy of
the contract between Dannelly and the society and also
a copy of the surety bond were attached to the petition

as exhibits and made parts thereof. That Dannelly procured from the appellee a surety bond duly executed and furnished it to the church society for the protection and benefit of the society and all parties that furnished either material or labor in the construction of the church building; that the surety bond provided that Dannelly should faithfully comply with all the terms and conditions of the contract between Dannelly and the society and pledged the payment to the society, in the event said Dannelly should fail or refuse to comply with the provisions of his contract, the sum of $12,000. It was further alleged in the petition that the appellants furnished Dannelly, between September 9, 1909, and April 4, 1910, under oral contract, eight carloads of cut stone for use, and which was used in the construction of the church building; that the value and contract price of the stone furnished was $1800.30, of which sum $1157.53 was paid and $642.77 remained unpaid and was past due.

Also, the petition alleged that Dannelly was insolvent, and that a judgment against him could not be collected; that the stone so furnished now forms a permanent part of the church building. The petition further embodied the terms of the surety bond, and alleged that the tenor and legal and equitable effect of the bond is that if Dannelly does not pay for the labor and material that forms a part of the church structure and the church society does not pay therefor, that the surety company will do so. The conditions of the bond are as follows:

"Whereas, said principal has entered into a certain written contract, a copy of which is hereto attached and made a part hereof, bearing date of the 3rd day of July, 1909, for labor and material for the erection and completion of a church building for the First Presbyterian Church at Chanute, Kansas,

"Now, therefore, the condition of the foregoing obligation is such, that if the said principal shall well, truly and faithfully comply with all the terms, covenants and conditions of said contract on his part to be

kept and performed according to its tenor, then this obligation is to be null and void, otherwise to be and remain in full force and virtue in law."

The appellee demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action against the company. The demurrer was sustained. This ruling and the rendering of judgment in accordance therewith constitute the only specifications of error.

The condition of the bond, above set forth, does not assure the payment of liabilities created by the contractor to subcontractors, although, of course, such liabilities may be and frequently are included in bonds of this character. The terms of the contract or bond conclusively determine the obligations assumed thereunder and such terms can not be extended by any equitable considerations not imported by the language used.

The allegation of the petition that "the tenor and legal as well as equitable effect of said contract is that if the said defendant Dannelly does not pay for labor and material that forms a part of said church structure, and said church does not pay therefor, that said defendant surety company will do so," is not deducible from the language of the bond, but is extraneous thereto and inconsistent therewith. This portion of the petition, therefore, pleaded in connection with the contract or bond is not to be taken as true on the hearing of a demurrer to the petition. Where a written contract is unambiguous in its terms, its interpretation or construction is a matter of law for the court. (*Warner v. Thompson,* 35 Kan. 27, 10 Pac. 110.) Only where an ambiguous expression is used in a contract may evidence be introduced and the question become one of fact as to the practical interpretation placed upon it by the parties. (*Cooper v. Nesbit,* 45 Kan. 457, 25 Pac. 866.)

The appellants were not parties to this bond. It was bought by Dannelly, for the sole protection of the

church society that Dannelly would faithfully perform his contract in building the church. The church society, in the absence of the filing of a lien upon its property by appellants, was not financially interested in appellants' securing payment for the stone furnished by them to Dannelly and by him placed in the building; neither was the appellee financially interested therein in the absence of any undertaking on its part that such payment should be made.

The order sustaining the demurrer and the judgment is affirmed.