No. 18,801.

R. W. ROYER, *Appellee*, v. THE WESTERN SILO COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

AGENCY — *Commissions — Ambiguous Contract — Oral Evidence Admissible*. A written contract for the employment of an agent to sell silos and other articles, and the commission to be paid to the agent therefor, reads: "On silos: 25 and 5 per cent on fifty—30 per cent on 75 or more." No provision is made in the contract for any commission for the sale of only forty-two silos thereunder, but it can not reasonably be presumed that the agent was to receive nothing for such sales. The contract is evidently incomplete and oral evidence is admissible to show the agreement between the parties.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed May 9, 1914. Reversed.

*O. S. Franklin, Guy A. Miller,* both of Des Moines, Iowa, *William H. von der Heiden,* and *Ashton E. Morgan,* both of Newton, for the appellant.

*Ezra Branine,* and *Harry W. Hart,* both of Newton, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The plaintiff brought this action in the district court of Harvey county to recover a balance alleged to be due him for commissions as agent for the defendant in the sale of silos and cutters in the territory defined in a written contract, a copy of which was made a part of the petition and was admitted in the answer. It was also admitted that the plaintiff sold forty-two silos, the list price of which was $14,513.

The defendant in its answer denied all the allegations of the petition, except that it admitted the residence of the plaintiff, his capacity as its agent, and that the contract was entered into between them. It was alleged that the written contract did not provide what per cent as commission was to be paid in case the

plaintiff sold less than fifty silos, but that it was agreed and understood between plaintiff and defendant, at and before the execution of the contract, that in case less than fifty silos were sold the plaintiff was to receive 25 per cent commission, and no more; that plaintiff did not sell fifty silos and was entitled to receive only 25 per cent commission. The defendant admitted that it owed the plaintiff $735.69, and confessed judgment therefor.

The reply was a general denial as to all matters inconsistent with the petition. A trial was had to a jury, and after the introduction of the evidence of each party the court gave the jury a number of instructions, one of which, No. 2, presents the principal controversy in the case. It reads:

"2. The jury are instructed that under the admitted contract between the plaintiff and defendant, which is set out in plaintiff's petition, the defendant agreed to pay the plaintiff commissions on all sales of silos made at list price, 25 and 5 per cent on any number of silos sold by plaintiff if the number sold did not exceed 75, and it is further agreed that in case the plaintiff should sell any silos for defendant at less than list price then the difference between the price for which said silo was sold and the list price should be deducted from plaintiff's commissions. It is further agreed in said contract that the plaintiff will pay defendant 3 per cent additional on all cash settlements made by the plaintiff on or before August 1, 1912."

The written contract prescribed no percentage of commission for the sale of silos in a less number than fifty, but if fifty silos were sold it fairly implied there was to be some rate of commission to be paid on a less number of sales. The instruction that the percentage on sales of silos from one to seventy-five was 25 and 5 gives no force whatever to the words "on fifty." These words, with the context, indicated a change in the rate of commission if fifty silos were sold. The appellant asked leave to introduce evidence that there was an agreement and understanding concurrent in time with

the written contract that the commission on sales less than fifty in number was to be 25 per cent; on fifty to seventy-five, the commission was to be 25 per cent and 5 per cent; on seventy-five or more, 30 per cent. This evidence was erroneously excluded. The appellee's evidence shows that he sold only forty-two silos, and appellant admitted that it was to pay 25 per cent for such sales.

As to the freight charges there was a so-called written contract and a printed contract. They seem to contain conflicting provisions. The rule is, in such case, that if the written part is definite and certain in its provisions, it must govern. The court found, however, that the written part was ambiguous, and that the printed contract in this respect was definite and certain and should be followed as to this item. This conclusion is disapproved. The ambiguity should have been removed by parol evidence and the two provisions then considered together as in other cases.

The judgment is reversed and the case is remanded.