No. 19,424.

F. G. RILEY and W. B. RILEY, *Appellees*, V. C. L. FOSTER, *Appellant*, et al.

### SYLLABUS BY THE COURT.

1. DEED — *Ambiguous Description* — *Evidence to Explain Ambiguity Admissible*. A description in a deed, as follows: "All in full Lots Three (3) and Four (4) in Block Two (2) of the Original Town of Waverly, Kansas, this conveyance is to include the triangular strip off of the Northwest corner of said Lot Four (4)," is ambiguous, because the triangular strip referred to may be either a triangular part, or the whole, of a tract of land lying on the north side of lot four.

2. SAME. If a description in a deed is ambiguous, evidence to explain the ambiguity and indentify the land intended to be conveyed is admissible.

Appeal from Coffey district court; WILLIAM C. HARRIS, judge. Opinion filed April 10, 1915. Affirmed.

*L. H. Hannen*, of Burlington, *J. L. Senior*, of Waverly, *H. E. Ganse*, and *R. M. Hamer*, both of Emporia, for the appellant.

*Joe Rolston*, of Burlington, *W. L. Huggins*, and *Humbert Riddle*, both of Emporia, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for the recovery of real estate. Judgment was rendered in favor of the plaintiffs. Defendant C. L. Foster appeals.

Block 2 of the original plat of the city of Waverly, in Coffey county, Kansas, with the streets immediately adjoining, is shown on page 214.

By an ordinance published May 8, 1903, the mayor and council of Waverly vacated "the south fifty feet of Railroad street, measured on the angle at which said

street is platted in the original town, now city, of Waverly, Kan., adjoining and abutting the north side of lot No. 4, block No. 2, all in the original plat of Waverly, Kansas"; and provided that the street vacated should revert to the owners of the real estate adjacent thereto, in proportion to the frontage of said

real estate. At the time of the passage of this ordinance J. E. Riley was the owner of lots three and four in block two, as shown in the diagram above set out. On the west end of lot four, and running north from the angle formed by the west and north lines of lot four into Railroad street, and then east to the intersection with the line running along the north side of lot four, was a brick building, as shown by the follow-

ing diagram, at and prior to the time of the execution of the deed hereinafter mentioned.

North of this brick building, and on the ground platted as Railroad street, were situated two frame buildings. On the 16th day of March, 1911, J. E. Riley, who was then, and has been continuously since prior to the vacation of Railroad street, the owner thereof, conveyed by warranty deed to Emerette Riley the following real estate:

"All in full of Lots Three (3) and Four (4) in Block Two (2) of the Original Town of Waverly, Kansas, this conveyance is to include the triangular strip off of the Northwest corner of said Lot Four (4). See City of Waverly Ordinance Recorded in B. Misc. at Page No. 540, Coffey County Records."

On December 12, 1911, Emerette Riley and her husband, W. B. Riley, by warranty deed conveyed to defendant C. L. Foster the following real property: "All of lot four (4) in block two (2) of the original town of Waverly, Kan." Sometime after this deed had been excuted, delivered and recorded the defendant, C. L. Foster, requested of C. O'Neil, the agent of Emerette Riley, who drew the deed from her to the defendant, and who made the sale of this real property to the defendant, that this deed be corrected so as to show the following: "This conveyance is to include the triangular strip off of the northwest corner of said lot four (4). See city of Waverly ordinance recorded in B. Misc., at page No. 540 of Coffey county records." These words were written on the back of the deed, which was again acknowledged and recorded. J. E. Riley died May 8, 1911, his wife having died previous to that time, and the plaintiffs are the sole surviving

heirs at law of J. E. Riley. It was contended at the trial that these deeds are ambiguous, in this, that they do not clearly describe the real property conveyed therein. Oral evidence was introduced by the plaintiffs, over the objection of the defendant, to explain this ambiguity. The only question discussed in the briefs is, Were these deeds ambiguous?

What is meant by "the triangular strip off of the northwest corner" of lot four, as used in these deeds? The south half of Railroad street is not triangular. It has four sides. The angles are not right angles. It is not off of the northwest corner of lot four. It is a strip off of the north side of lot four, or more properly described as a strip lying on the north side of lot four. Those familiar with this strip may have described it as a triangular strip. The strip occupied by that part of the brick building on the southwest corner of the south half of Railroad street is triangular, and this may have been referred to as the triangular strip. It is difficult, it is impossible, for any one reading this description, in connection with the plat of the city, to determine what is meant by the "triangular strip off of the northwest corner" of lot four. To correctly determine the land conveyed by these deeds it is necessary to get information outside the deeds. The deeds are ambiguous. Evidence to explain that ambiguity, to show what property was intended to be conveyed by the deeds, was properly admitted. (*Simpson v. Kimberlain*, 12 Kan. 579; *Babcock v. Deford*, 14 Kan. 408; *Walters v. Van Derveer*, 17 Kan. 425; *Insurance Co. v. Thompson*, 43 Kan. 567, 571, 23 Pac. 608; *Cosper v. Nesbit*, 45 Kan. 457, 25 Pac. 866; *Bank v. Brigham*, 61 Kan. 727, 729, 60 Pac. 754; *Powers v. Scharling*, 64 Kan. 339, 345, 67 Pac. 820; *Baxter Springs v. Light Co.*, 64 Kan. 591, 598, 68 Pac. 63; *Mayberry v. Beck*, 71 Kan. 609, 612, 81 Pac. 191; *Parks v. Baker*, 81 Kan. 351, 105 Pac. 439; 17 Cyc. 727.)

The judgment is affirmed.