No. 20,447.

R. W. ROYER, *Appellee*, V. THE WESTERN SILO COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Declaration on Both Oral and Written Contract—Proof of Oral Contract—No Variance.* Where the petition declares on both an oral and a written contract concerning the same matter, and the evidence proves an oral contract, there is no fatal variance between the petition and the proof.

2. CONTRACT—*Ambiguous Expressions — Evidence — Interpretation for Jury.* Where an ambiguous expression is used in a written contract, it is proper to show by evidence what the parties understood and intended by the expression, and to submit to the jury, with proper instructions, the interpretation of the expression as used in the contract.

3. CONTRACT—*Authority of Agent to Make Contract—Evidence.* There was sufficient evidence in this case to show that the defendant's agent had authority to contract orally with the plaintiff for compensation for the plaintiff's services.

4. SAME—*Evidence Supports Verdict.* The evidence ·in this case was sufficient to support the verdict of the jury.

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed December 9, 1916. Affirmed.

*William H. von der Heiden, Ashton E. Morgan,* both of Newton, and *Guy A. Miller,* of Des Moines, Iowa, for the appellant.

*Ezra Branine,* and *Harry W. Hart,* both of Newton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for $2715.33. A former opinion in this case is found in *Royer v. Silo Co.*, 92 Kan. 333, 140 Pac. 872, where this court said:

"No provision is made in the contract for any commission for the sale of only forty-two silos thereunder, but· it can not reasonably be presumed that the agent was to receive nothing for such sales. The contract is evidently incomplete and oral evidence is admissible to show the agreement between the parties." (Syl.)

It was also there held that the contract was ambiguous as to freight charges; that the ambiguity should have been removed by parol evidence, and that the provisions of the contract should then have been considered together as in other cases.

1. The defendant contends that—

"There is a fatal variance between the plaintiff's petition and his proof. He plead an oral contract and by his own testimony denied any oral contract. He can not recover on any contract except the ones alleged and proved."

The present appeal is from a judgment rendered on an amended petition. This amended petition sets out a written contract, which was referred to in the former opinion, and also sets up an oral contract between the plaintiff and W. L. Hestwood, the defendant's agent, by which oral contract it was understood and agreed that the plaintiff should receive a commission of twenty-five and five per cent on the list price of the first fifty silos sold. There was evidence tending to prove the allegations of the amended petition concerning the understanding and agreement between the plaintiff and the defendant's agent, W. L. Hestwood, although there was other evidence contradictory thereto. The evidence was sufficient to justify the jury in finding that the plaintiff and Hestwood had such an agreement and understanding. By the general verdict the jury did so find, and that finding is conclusive in this court. (*Backus v. Clark*, 1 Kan. 303; *Horine v. Hammond*, 94 Kan. 579, 583, 146 Pac. 1144, and numerous other cases decided by this court.) There was no fatal variance between the plaintiff's petition and his proof.

2. The defendant contends that it was the duty of the court to construe the contract so far as freight charges were concerned, and contends that it was error to instruct the jury to consider the testimony of the parties as to their understanding of that part of the contract relating to freight charges.

"Where a written contract is unambiguous in its terms, its interpretation or construction is a matter of law for the court." (*Warner v. Thompson*, 35 Kan. 27, syl. ¶ 1, 10 Pac. 110. See, also, *Getto v. Binkert*, 55 Kan. 617, 40 Pac. 925; *Rettiger v. Dannelly*, 91 Kan. 61, 136 Pac. 942.)

In *Cosper v. Nesbit*, 45 Kan. 457, 25 Pac. 866, this court said:

"It is claimed that the court erred in submitting to the jury the question of what the parties understood and meant by the expression. In gen-

eral, it is the province of the court to construe written contracts, but where peculiar expressions are used, it may be left to the jury to determine by the aid of extrinsic circumstances and facts what sense was intended by the parties. Where the language of a contract contains an expression which is ambiguous, or one used in a peculiar sense, evidence may be properly received to show what the parties understood and intended by it. The practical interpretation of such an expression of the parties is entitled to great, if not controlling, influence." (p. 460. See, also, *Seymour v. Armstrong*, 62 Kan. 720, 724, 64 Pac. 612; *Behen v. Street Railway Co.*, 85 Kan. 491, 118 Pac. 73; *Frazier v. Railway Co.*, 97 Kan. 285, 288, 154 Pac. 1022; 9 Cyc. 591.)

Evidence to explain the ambiguity in the contract was admissible. There was no error in submitting to the jury, with proper instructions, the interpretation of the contract under that evidence.

3. The defendant contends that there was no evidence to show that the agent, Hestwood, had authority to bind the defendant to pay twenty-five and five per cent in case less than fifty silos were sold, and contends that there was no evidence to show that Hestwood had authority to bind the defendant by an oral contract. The evidence tended to show that Hestwood was a salesman for the defendant and was working for it at the time the contract was made; that Hestwood signed the written contract; that he had been in the employ of the defendant eight years, and that at the time the contract was written part of Hestwood's work was to write contracts with agents. This evidence tended to show that Hestwood had authority to make contracts; that these contracts should fix the compensation to be paid to agents, and include all other terms that were necessary to express the agreement between the defendant and its agents. Hestwood undertook to do this. He made no provision in the written contract for the commission which should be paid if less than fifty silos were sold, and wrote the contract so that it was ambiguous concerning who should pay the freight. Hestwood had authority to make this contract. The dispute has been over the meaning of its terms and, where the terms were not expressed, over what those terms should have been.

4. The defendant insists that its motion to direct a verdict in its favor should have been sustained, for the reason that the evidence was not sufficient to warrant submitting the case to

the jury, and insists that the verdict is not supported by the evidence. These contentions are not good. There was evidence tending to support all the allegations of the amended petition, and on that evidence the case was rightly submitted to the jury. The evidence was sufficient to sustain the verdict.

The judgment is affirmed.