No. 27,969.

T. W. HEMINGWAY, *Appellee*, v. THOMAS M. TORSON et al., Partners, etc., *Appellants*.

(266 Pac. 26.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Parol Evidence Affecting Writing—Ambiguous Expression.* Evidence is admissible to show what is meant by the expression "to grade" as used in a construction contract which provided that piling should be driven "to grade."

2. CONTRACTS—*Construction—Submission to Jury Where Contract Ambiguous.* Where evidence is admissible to show the meaning of an ambiguous contract, it is not error for the court, under proper instruction, to submit the contract to the jury to ascertain its meaning.

3. BUILDING AND CONSTRUCTION CONTRACTS—*Breach by Refusal to Permit Performance—Evidence.* There was evidence to prove that the plaintiff had partly performed his contract with the defendant, and that the defendant had refused to permit the plaintiff to complete his contract and had contracted with others to do the remainder of the work.

Appeal from Wyandotte district court, division No. 4; CHARLES A. MILLER, judge. Opinion filed April 7, 1928. Affirmed.

*E. S. McAnany, M. L. Alden, Thomas M. Van Cleave* and *James T. Cochran,* all of Kansas City, for the appellants.

*A. L. Berger,* of Kansas City, *Ruby D. Garrett* and *Fred Ruark,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   The plaintiff prosecutes this action to recover the amount due under a contract for driving piling, and to recover damages sustained by reason of the defendants refusing to permit the plaintiff to complete the performance of the contract.   Judg-

Building and Construction Contracts, 9 C. J. p. 822 n. 13.   Contracts, 13 C. J. p. 785 n. 89.   Evidence, 22 C. J. p. 1203 n. 16; 10 R. C. L. 1071.

ment was rendered in favor of the plaintiff for the amount due under the contract and for the damages sustained, totaling $18,315.73. The defendants appeal.

The contract on which the plaintiff seeks to recover read as follows:

"CONTRACT FOR INSTALLATION OF PILING.

AUG. 18, 1925.

"*Torson Const. Co., Kansas City, Mo.*

"The undersigned, T. W. Hemingway, at Gulfport, Miss., this day enters into contract with the Torson Construction Co. of Kansas City, Mo., and it is understood and agreed by both parties hereto that the said T. W. Hemingway contracts to drive the piling at the rate of thirty-three cents per lineal foot to grade; also he further agrees to drive all of the sheet piling at the rate of five cents per lineal foot to grade, and all in accordance with the plans and specifications and approval of the engineers of the jobs known as the Blue river and Gooseneck sewers of Kansas City, Mo.

"Said T. W. Hemingway further agrees to drive all piling the maximum depth of twenty feet from top of ground with leader piles.

"It is also hereby agreed by both parties that the Torson Construction Co. will withhold twenty per cent of the cost of the finished contract until final completion and acceptance of said contract.

"It is also understood and agreed that if any of this work done on this contract by T. W. Hemingway is proven either faulty or defective through negligence, the said T. W. Hemingway hereby agrees to pay for all damages thereby caused.                    Signed:   T. W. HEMINGWAY.

"Accepted:   TORSON CONST. CO.—By CHAS. M. TORSON."

The court permitted evidence to be introduced to show the meaning of the phrase "to grade" as used in the contract. Forty special questions were answered by the jury.

1. The defendants contend that it was error for the court to admit evidence to show what was understood by the parties in the expression "to grade." This contention is based on the argument that the contract was plain and unambiguous, and for that reason evidence to explain its meaning was inadmissible. The plaintiff contends that it was necessary to introduce evidence to show what the expression "to grade" meant and what it was understood to mean to the parties under the contract. The solution of this problem depends on the reading of the contract.

The contract may be read and reread, but its meaning cannot be ascertained except by the aid of evidence outside of it. The expression "to grade" is a technical term used in construction work and does not always mean the same thing. Plans and specifications and the approval of engineers are mentioned in the contract. Plans and

specifications were introduced in evidence, but evidence to explain them was introduced so that the court and jury might understand them. Witnesses familiar with the term "to grade" as used in construction work testified concerning its meaning. Some of those witnesses testified that the expression meant one thing, others that it meant another. There was evidence introduced which tended to prove what the parties to the contract understood by the expression when the contract was signed. There was evidence introduced which tended to prove that the engineers mentioned in the contract had approved the work that had been done by the plaintiff; that estimates based thereon had been made by those engineers; and that the defendants had been paid by the city of Kansas City, Mo., for the work done by the plaintiff. The question is not what the evidence tended to prove, but whether the contract was of such a nature as permitted the introduction of evidence to ascertain its meaning. The court holds that the contract could not be interpreted without evidence to prove the meaning of the expression "to grade." It was, therefore, not error to admit evidence to prove that meaning.

2. The defendants say it was the duty of the court to construe the contract; that the plaintiff was erroneously allowed to show a state of facts other than those alleged in his petition; and that the verdict was the result of the admission of incompetent evidence emphasizing immaterial issues. These three propositions are based on the contention that evidence to explain the meaning of the contract was inadmissible. These contentions necessarily fail because evidence was admissible to show the meaning of the contract.

In *Royer v. Silo Co.*, 99 Kan. 309, 161 Pac. 654, this court said:

"Where an ambiguous expression is used in a written contract, it is proper to show by evidence what the parties understood and intended by the expression, and to submit to the jury, with proper instructions, the interpretation of the expression as used in the contract." (Syl. ¶ 2. See, also, *Seymour v. Armstrong*, 62 Kan. 720, 64 Pac. 612; *Barrett v. Coal Co.*, 70 Kan. 649, 654, 79 Pac. 150; *Rettiger v. Dannelly*, 91 Kan. 61, 63, 136 Pac. 942; *Riley v. Foster*, 95 Kan. 213, 148 Pac. 246; *Frazier v. Railway Co.*, 97 Kan. 285, 288, 154 Pac. 1022.)

3. The defendants say that—

"Plaintiff having, as we have shown, failed to perform his subcontract, and abandoned it, there was no foundation either in law or fact for the damages allowed in the sum of $13,259.13 for piles subsequently driven by Torson Construction Company which Hemingway claimed he should have been allowed to drive under the subcontract. The court ordered a reduction of $3,000 of the judgment, which was remitted."

There was evidence which tended to prove that the defendants refused to permit the plaintiff to complete the contract; that they contracted with other parties to drive part of the piling provided for in the contract between the plaintiff and the defendants; and that the plaintiff was damaged by reason of the refusal of the defendants to permit the plaintiff to drive all of the piling as provided for in the contract. The question was submitted to the jury on the evidence, and the jury found the facts. Those facts are now conclusive.

The defendants filed a motion to set aside a number of the answers to special questions submitted to the jury. It is argued that it was error to refuse to set aside those answers. This argument is based on the contention that the contract was not ambiguous and that evidence to explain its meaning was not admissible.

No error has been shown; the judgment is affirmed.