THE CINCINNATI PUNCH AND SHEAR COMPANY, *a Corporation*, v. A. W. THOMPSON.

No. 14,358. (83 Pac. 988.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Sale—Disaffirmance by Vendee—Question for a Jury*. In an action of replevin of a machine by the vendor, whether the vendee had elected to affirm the contract of purchase and keep the machine, or disaffirm it, was a question of fact; and as the plaintiff's evidence tended to show a disaffirmance the question should have been submitted to the jury.

2. DAMAGES—*Breach of Contract—Disaffirmance by Purchaser*. One who disaffirms a contract of purchase has no lien on the goods for damages resulting from a breach of the contract.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed December 9, 1905. Reversed.

*W. W. & W. F. Guthrie*, for plaintiff in error.

*T. A. Moxcey*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff in this action sought by replevin to recover from the defendant a certain punch-and-shear machine that it had previously delivered to him under a contract of sale. The court sustained a demurrer to the plaintiff's evidence, and rendered a judgment accordingly. This is alleged as error.

It appears that the plaintiff contracted to sell and deliver to the defendant a certain punch-and-shear machine, for which the defendant agreed to pay $300. A perfect machine was shipped, and delivered to the defendant at his place of business in Atchison, and he paid the freight thereon, amounting to $17.50. Before bringing this action the plaintiff tendered to the defendant the amount of freight paid by him on the machine. The machine was never removed from the skids upon which it was shipped, and was not used by. the defendant. The defendant refused to pay for the machine, alleging as reasons therefor that it was not the machine contracted for, and that it was wholly insufficient in size to do the work he required of such a machine. So far as indicated by the evidence the machine was perfect in all its parts, but, as stated by the defendant in one of his letters to the plaintiff, it was "a baby machine." After the machine arrived at the defendant's place of business he wrote the plaintiff, among other things, as follows:

"You know the machine you shipped me is not the machine I ordered. You know you have utterly failed in every respect to fulfil your part of the agreement. . . . I know I'm not under any obligations whatever to pay you one cent; and, furthermore, I don't propose to; so you may as well come up to the line now and let me know how you want to settle this matter, and what you want done with the machine. I have been damaged more than the machine is worth."

28—72 KAN.

Later he wrote a letter containing the following statements:

"GENTLEMEN: Owing to your utter failure to ship me the machine and tools I ordered in my letter of December 31, I have been delayed more than three months' use of a machine which is absolutely necessary in my business, and damaged double the amount of the value of the machine sent me. The machine you sent me is still here in my possession, skidded as you sent, unused, and will remain here until you are willing to settle this matter of damage on a reasonable basis. It is utterly useless for you to say, or attempt to prove, that you sent me the machine I ordered of you. . . . Now, I am out on this machine, freight and drayage, some $17.50, and already about three months' use, which will doubtless be four months before I am able to get another in, which I have already ordered; which loss of time I estimate at not less than $300. But to settle the matter up without delay, if you will remit me the $17.50 above mentioned and $100 as a part satisfaction of damages accrued, I will ship you the machine to any point you desire; otherwise not."

Oral evidence was also introduced tending to show that the defendant had rescinded the contract of purchase and was only holding the machine to compel the plaintiff to pay him what he considered to be his damages resulting from a violation of its contract. One contracting for a machine for a particular purpose, which upon delivery he finds is not the machine contracted for, may either affirm the contract and keep the machine and recoup his damages, or disaffirm the contract and return the machine or hold it subject to the order of his vendor. If he disaffirms the contract he may not hold the machine to satisfy a claim for damages. The law gives no such lien. In this case the contention of the plaintiff was that the defendant had disaffirmed the contract; that the machine was the property of the plaintiff; and that it was therefore entitled to recover its immediate possession. The plaintiff's evidence tended to show that defendant had

disaffirm**e**d the contract. Whether or not he did so was a question of fact, and should have been submitted to the jury.

The judgment is therefore reversed and the cause remanded for further proceedings.

All the Justices concurring.