THE CINCINNATI PUNCH & SHEAR COMPANY V.
A. W. THOMPSON.
No. 15,809.

SYLLABUS BY THE COURT.

1. WRITTEN INSTRUMENTS — *Construction* — *Question of Law.*
The construction of written instruments is a question of law
for the court, and ordinarily it is error to submit such a question
to the jury.

2. EVIDENCE — *Immaterial Testimony Ground of Reversal if
Prejudicial.* It is reversible error to submit irrelevant and
immaterial testimony to a jury when it is materially preju-
dicial to the rights of the complaining party.

Error from Atchison district court; BENJAMIN F.
HUDSON, judge. Opinion filed July 3, 1909. Reversed.

*W. W. Guthrie,* for the plaintiff in error.

*T. A. Moxey,* for the defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action of replevin to recover
the possession of a punch-and-shear machine. The ac-
tion was commenced in the district court of Atchison
county, where a demurrer to the evidence was sus-
tained and judgment rendered in favor of the defend-
ant. From this judgment the plaintiff prosecuted error
to this court. (72 Kan. 432.) The judgment was re-
versed and the cause remanded for a new trial. Upon
a retrial the defendant again recovered, and the plain-
tiff prosecutes error.

The plaintiff manufactures and sells punch-and-shear
machines. The defendant ordered a machine of a
special description, which was to be paid for upon de-
livery. The machine in controversy was sent upon
such order. It was received by the defendant, but he
refused either to return it or pay the price stipulated.

Upon the trial the plaintiff contended that the de-
fendant had repudiated the purchase and refused to

accept the machine, but retained possession thereof as the property of the plaintiff, claiming a lien thereon as security for damages sustained on account of the failure of the plaintiff to comply with the contract of sale. The defendant insisted that he immediately affirmed the transaction as a completed sale and refused payment until the damages suffered by him had been adjusted.

Whether or not the transaction was such as to transfer the title of the property from the seller to the buyer was the sole question in controversy. If the machine belonged to the plaintiff, it was entitled to the possession thereof; otherwise, it was not. (*Town of LeRoy v. McConnell*, 8 Kan. 273; *Wilson v. Fuller*, 9 Kan. 177.) Upon this issue the correspondence between the parties occurring immediately before and after the delivery of the machine to the defendant was introduced in evidence. The correspondence was somewhat ambiguous, and in connection with it the defendant was permitted to testify at length concerning the proper interpretation to be placed upon his letters. A large amount of evidence was also given indicating the extent of damages which were sustained by the defendant on account of the failure of the plaintiff to comply with its contract. This was erroneous. Written instruments speak for themselves. Their interpretation is a question of law for the court. In volume 11 of the American and English Encyclopædia of Law, at page 495, the rule is stated as follows:

"It is the duty of the court to construe written contracts, and this is true even though the contract is evidenced by voluminous mutual correspondence of the parties. Whether such correspondence makes a contract, and its proper construction, are questions for the court."

The evidence relating to damages was erroneous because immaterial. There was no issue of this kind in the case. The controversy depended entirely upon whether or not there was a sale. The competent evi-

dence presented on this subject was confined to the written correspondence between the parties. The question of damages sustained by the defendant was of course closely connected with the transaction claimed to be a sale, and this feature might subsequently become an important matter between the parties; but it was wholly immaterial upon the question as to which of the parties was entitled to the immediate possession of the property in controversy. Evidence, therefore, giving undue prominence to this immaterial question was well calculated to confuse and mislead the jury. Indeed it seems quite probable that the jury, if they had clearly understood the real issue in the case, would have agreed upon a different verdict. Apparently the court did not regard this evidence as material, for it was ignored in the instructions, where no reference whatever was made to the question of damages. With nothing from the court to indicate the legal significance of the evidence, the jury may easily have misconceived its importance in the case, and been misled thereby. We think the rights of the plaintiff were materially prejudiced by the manner in which this case was presented to the jury. In many cases immaterial testimony may be presented to a jury without prejudice, but where it is closely connected with the subject-matter of the controversy, and is of a kind calculated to create an impression upon the minds of jurors that the rights of one of the parties is materially affected thereby, and nothing is said by the court concerning its materiality or application, it will be held to have been prejudicial unless it appears from a consideration of the whole case that it did not have that effect.

For the reasons stated the judgment of the district court is reversed, with direction to grant a new trial and proceed in accordance with the views herein expressed.