E. S. ELLIS, *Appellee,* v. M. L. WOODRUFF (GEORGE D. RAGSDALE et al., Interpleaders, *Appellants*).

No. 17,937.

SYLLABUS BY THE COURT.

1. SALE—*Merchandise—Contract—Proceeds—Trustee—Attachments—Liens—Interpleas.* The owner of a stock of merchandise, store furniture and fixtures sold the same to two purchasers who jointly executed promissory notes for the purchase price; at the same time a combined bill of sale and contract was executed between the purchasers, which recited the amount owing by the purchasers to the seller, evidenced by notes of even date with the contract; also; that the purchasers "have agreed to apply the net proceeds from sales from said stock and all other goods put into said stock toward the payment of said notes. It is therefore agreed that Miss ——— be appointed trustee to receive all moneys coming in from sales of said stock." Then follows an agreement as to how the money shall be applied, where deposited, etc. Nothing, however, is said in this contract in reference to the possession of the property sold. Whenever the third person is referred to therein it is as "trustee." *Held,* that the instrument did not vest the right of possession of the property in the third person or give her a lien thereon, but simply made her a trustee to receive and apply the money taken in for retail sales or from sales in bulk as directed thereby.

2. PLEADINGS—*No Issue of Fact Presented.* No issue of fact is presented by the pleadings in this case.

Appeal from Greenwood district court. Opinion filed February 8, 1913. Affirmed.

*Howard J. Hodgson,* of Eureka, for the appellants.
*Ellis & Yale,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

SMITH, J.: George D. Ragsdale sold a stock of merchandise, store furniture and fixtures to H. B. Cobban and J. H. Beach and evidenced the transaction by the following contract:.

"This agreement made and entered into this 18th day of April, 1910, Witnesseth: That:

"Whereas: H. B. Cobban and J. H. Beach, herein called parties of the first part have purchased the stock of General Merchandise at Eureka, Kansas, known as "The Cash," from Geo. D. Ragsdale, herein called party of the second part, and

"Whereas: said first parties owe the said, second party the sum of $12000, evidenced by notes of even date herewith, and

"Whereas: said first parties have agreed to apply the net proceeds from sales from said stock and all other goods put into said stock toward the payment of said notes.

"It is therefore agreed that Miss Gertrude Miller be appointed trustee to receive all moneys coming in from sales of said stock and to pay first from said receipts all necessary running expenses of said stock and pay for all goods purchased by said first parties put into said stock, as bills come due, and pay the balance to the said second party to apply on said notes, and said Gertrude Miller is hereby constituted and appointed trustee for said purpose. It is agreed, however, that should the net proceeds at any time fail to pay said notes, as they become due, then the said trustee shall apply all the proceeds, except expenses, coming into her hands as such trustee toward payment of all notes past due when requested to do so by the said party of the second part, or his assigns, in writing. Said trustee shall deposit all moneys received by her as such trustee in some bank in Eureka, Kansas, and all checks. shall be countersigned by H. B. Cobban, or J. H. Beach, or their authorized agent.

"And it is further agreed that should the said first parties sell all of said stock, or any part thereof, in a lump the said trustee herein appointed shall receive the proceeds of such sale, or enough thereof to pay the balance on said notes and shall pay said amount to the

said party of the second part. The authority herein vested in said trustee shall exist until all of said notes are paid and shall then cease. In case the said Gertrude Miller at any time should refuse or fail to act as such trustee, or the parties hereto desire to change the trustee, then another trustee may be appointed by the consent and agreement of both parties hereto. And in case of a failure to agree then the Cashier of the Citizens National Bank of Eureka, Kans., acting at that time, shall act as such trustee.

"H. B. COBBAN<br>
"J. H. BEACH<br>
"GEO. D. RAGSDALE."

It is conceded that Helen Williams was afterwards appointed trustee in place of Gertrude Miller and succeeded to whatever rights and powers the latter held by the terms of the contract. Cobban and Beach in turn sold the stock of merchandise, store furniture and fixtures to M. L. Woodruff for the consideration of one dollar and the assumption of the indebtedness to Ragsdale and other accounts not to exceed $1000.

The plaintiff thereafter brought suit against Woodruff for $475 and interest alleged to be due upon a promissory note executed by Woodruff, and procured an attachment on the property bought from Cobban and Beach. A receiver was appointed to take charge of the property attached. Ragsdale filed an interplea, alleging that seven notes for $1000 each, exhibits 1, 2, 3, 4, 5, 6 and 7, besides interest, had become due to him, which were executed to him by Cobban and Beach as a part of the purchase price of the property, and also set forth a copy of the contract between himself and Cobban and Beach, hereinbefore set forth; that by the terms of said contract, the stock of merchandise, store furniture and fixtures were to be held in trust by Gertrude Miller to secure such indebtedness; that such contract was filed for record in the office of the register of deeds of Greenwood county, April 20, 1910; that Woodruff, as a part of the purchase price of the property, had assumed the payment and had paid all of

the notes except one for $1000; that on January 20, 1910, and prior to the appointment of the receiver in this action, he commenced an action in the district court of Greenwood county against Woodruff, Cobban and Beach and caused all the property involved in this action and now in the hands of the receiver to be attached therein; that by reason thereof he obtained a first and prior lien on all of the property. He prayed judgment for $1000 and interest from April 18, 1910, and costs, and that he be decreed a first lien upon all the property attached in this action; also that he be decreed to be entitled to the proceeds of the sale of such property by the receiver and for all further equitable relief.

Helen Williams also intervened, by leave of court, and alleged that she had been duly appointed to succeed Gertrude Miller under the contract between Cobban and Beach with Ragsdale. She also alleged the facts substantially as pleaded by Ragsdale. She prayed for judgment against the plaintiff for the value of the store furniture and fixtures and that the receiver be ordered to pay to her as trustee the proceeds of the sale of the furniture and fixtures.

M. L. Woodruff answered, admitting the facts as alleged in the petition. Thereupon the plaintiff moved for judgment on the pleadings. The motion was sustained, judgment was rendered against Woodruff for $553.35 and the plaintiff was adjudged a first lien on the property attached and the proceeds thereof. The receiver was ordered to pay to the plaintiff the proceeds of the sale of the property sold by him, less certain costs, attorneys' fees and compensation for the receiver, and execution was awarded for any balance remaining. Ragsdale and Williams were adjudged to pay the costs of their respective interpleas. A motion for new trial was overruled and Ragsdale and Williams appeal. Their principal contention is that the contract entered into by Cobban and Beach, of the first part,

47—88 KAN.

and Ragsdale, of the second part, invested Gertrude Miller and, upon her resigning the trust, her successor, Helen Williams, with the possession and right of possession of the property described therein, and through such trustee gave Ragsdale a lien upon the property to secure the payment of the unpaid purchase price of the property.

Such is not the effect of the instrument. It simply constituted Gertrude Miller, or her successor, a trustee to receive payment for the merchandise sold in the course of trade or of such of the property as might be sold in bulk, and to dispose of money so received in the manner prescribed in the contract, which expressly recognized the right of Cobban and Beach to sell the whole or any part of the stock in a lump, as they did sell the whole to Woodruff.

The property was not shown to be incumbered by mortgage or other lien at the time of the levy of the plaintiff's attachment thereon. True, Ragsdale alleged that he procured an attachment to be levied thereon prior to the appointment of the receiver in this action, but this does not constitute an allegation of a prior attachment lien. Time may have elapsed between the levy of the plaintiff's attachment and the appointment of the receiver, during which time Ragsdale's attachment may have been levied.

The other issues of fact pleaded by the interpleaders are based upon the interpretation of, or upon inferences drawn from, the contract between Cobban and Beach and Ragsdale. The interpretation and construction of writings is for the court and not within the province of the jury—questions of law and not of fact.

We conclude that no issue of fact, to be tried by the court or a jury, was presented by the pleadings and that the court did not err in sustaining the motion for judgment on the pleadings nor in rendering judgment for the plaintiff.

The judgment is affirmed.