No. 19,126.

THE GRAHAM COUNTY MILL & ELEVATOR COMPANY, *Appellant,*
v. W. G. SAUNDERS, *Appellee.*

SYLLABUS BY THE COURT.

WRITTEN CONTRACT—*Parol Evidence Inadmissible to Vary.* The rule that parol evidence is not admissible to show an intention different from that expressed by the terms of a written contract, on its face complete and unambiguous, applied to a subscription to the capital stock of a corporation.

Appeal from Graham district court; CHARLES W. SMITH, judge. Opinion filed November 6, 1915. Reversed.

*S. N. Hawkes,* of Stockton, for the appellant.

*S. C. Price,* and *F. D. Turck,* both of Hill City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note for one thousand dollars given the plaintiff by the defendant. The defense was that the note was given for shares of the capital stock of the mill and elevator company which were never issued. The defendant prevailed and the plaintiff appeals.

It appeared at the trial that the subject of the defendant's stock subscription was covered by a written contract relating to the employment of the defendant as manager of the plaintiff's mill, fixing the terms of such employment, and providing as follows:

"Second party further agrees to subscribe for and take One-Thousand Dollars in the stock of said Mill Company before this contract shall take effect—first party agreeing to accept in payment for said stock, the note of second party payable in 60 days bearing 10% interest."

The court permitted the defendant to testify concerning

his oral negotiations with the plaintiff's board of directors leading up to the written contract. This testimony indicated that an unsubscribed portion of the plaintiff's capital stock was to be disposed of, the capital stock was to be increased in the sum of ten thousand dollars, and the defendant was to take one thousand dollars' worth of the new stock. The defendant's version of the negotiations was corroborated by one witness. The plaintiff's objections, seasonably made, to the oral evidence having been overruled, the plaintiff produced six witnesses familiar with the facts who testified in substance that the terms of the contract were discussed and finally settled at two meetings of the board of directors, which were attended by the defendant, and that the subject of increasing the capital stock of the company was neither mentioned nor considered at either of these meetings. The district court held that the presumption that the contract was in the form intended by the parties might be overturned by parol evidence, and further held that if two classes of stock were under consideration, original and new or additional, and the parties did not intend to describe the particular kind of stock which the defendant was to take, the description could be supplemented by parol evidence.

The first part of the court's ruling applies only in case of fraud, mistake of the scrivener, or other basis for reformation by a court of equity. If a contract be complete and unambiguous on its face, a form expressing an intention different from that indicated by the language employed can not be shown by parol evidence. The second part of the court's ruling likewise permitted the written instrument to be impeached. The contract contains a description of the stock to be subscribed which is neither incomplete nor ambiguous—"the stock of said Mill Company." The stock of a named corporation duly organized and engaged in the pursuit of its charter purposes is a definite thing in existence and subject to disposition by the board of directors. A proposed increase in the capital stock of such a corporation, not yet in existence and which the board of directors can not create, is a definite thing. But the two are, as the defendant contends, quite distinct and wholly different and the substitution of one for the other by the interpolation of the word "new" or the word "additional" in the

writing under consideration would be to make a new contract. The parol evidence rule is designed to foreclose just such contests as that which took place in the district court.

The judgment of the district court is reversed and the cause is remanded with direction to enter judgment for the plaintiff.