Frazier v. Railway Co.

No. 19,933.

THOMAS A. FRAZIER, *Appellee*, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Personal Injuries — Damages — Compromise and Settle-
ment.* The plaintiff was injured by the defendant's negligence. While
yet under the influence of anæsthetics, he settled his claim for damages.
Afterward he wrote a letter to the defendant's superintendent ratify-
ing the settlement and asking for a position on the road. The evidence
showed that this letter was written at the suggestion and in the pres-
ence of a special agent of the defendant and was delivered to him; that
he gave the letter to the superintendent, who referred it to the claim
agent that made the settlement, and endeavored to find a position for
the plaintiff, but when this action was commenced had not succeeded.
This evidence was not sufficient to warrant the court in submitting to
the jury the question of fraud in procuring the letter to be written.

2. SAME. A letter containing this language, "I would like some kind of
position with your company, as I settled fairly with the Company and.
without any trouble," voluntarily written after recovery from injuries
sustained and with full knowledge of all circumstances, is a ratifica-
tion of the settlement therein mentioned.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed February 12, 1916.
Reversed.

*W. P. Waggener, A. E. Crane,* both of Atchison, and *O. H.
Bentley,* of Wichita, for the appellant.

*S. B. Amidon, Jean Madalene,* and *S. A. Buckland,* all of
Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered a judgment for
$8000 for the loss of two fingers and an injury to a third one on
his left hand, caused by the defendant's negligence. The de-
fendant appeals.

The plaintiff was injured while attempting to board one of
the defendant's passenger trains. On the next day, about
twelve hours after the injury and while the plaintiff was un-
der the influence of anæsthetics administered to him during

the amputation of his fingers, the defendant's claim agent went to the hospital to see the plaintiff and informed him that when he desired to settle the claim against the company to call him, the claim agent. The afternoon of that day the claim agent was called and settlement was made by which the defendant paid the plaintiff $450 and agreed to pay his doctor bills and hospital charges. The plaintiff was then still under the influence of anæsthetics and knew nothing of this settlement. About two weeks thereafter he was discharged from the hospital and was informed of the settlement by his wife. Two months after being discharged from the hospital the plaintiff wrote A. H. Webb, the defendant's superintendent at Wichita, as follows:

"I am the man that was hurt in Wichita Yard at Station. And I was advised to write you in regards to position. As I only have one hand at present it is impossible for me to hold the place as order Clerk, at Wichita Wholesale Groc Co and I would like some kind of position with your company, as I settled fairly with the Company and without any trouble. I have several Friends on the Mo. Pac. Ry. for Reference."

1. The defendant argues that this letter ratified and confirmed the settlement. The plaintiff contends that he was induced to write this letter by fraud on the part of the defendant. The evidence on this question shows that the plaintiff wrote the letter at the suggestion and in the presence of Bruce Cornet, who stated to the plaintiff that he was the special agent of the defendant, and said in substance that if the plaintiff would write to Superintendent Webb he could probably place the plaintiff in a position in the service of the company. The letter was delivered to Bruce Cornet, and by him given to Webb. Webb referred the letter to the claim agent that made the settlement for the defendant, and tried to find a position for the plaintiff. No position was found for him. This action was begun two months later. There was no evidence that any promise of a position of any kind was made to the plaintiff to induce him to write the letter; neither was there any evidence to show that any suggestion was made as to what the letter should contain.

Was there evidence sufficient to warrant the court in submitting to the jury the question of fraud in inducing the plaintiff to write the letter? What circumstance shows fraud?

Frazier v. Railway Co.  .

None that we can see.  The suggestion might have been fraud-
ulently made, but there is no evidence of any kind to show that
it was so made.  "Good faith is presumed, and need not be
proved."  (*Weybrich & Co. v. Harris*, 31 Kan. 92, syl. ¶ 3, 1
Pac. 271.)  Fraud is never presumed.  It must be established
by evidence.  (*Long Bros. v. West & Co.*, 31 Kan. 298, 1 Pac.
545; *Baughman, Sheriff, v. Penn*, 33 Kan. 504, 6 Pac. 890;
*Bliss v. Couch*, 46 Kan. 400, 403, 26 Pac. 706; *Gleason v. Wil-*
*son,* 48 Kan. 500, 29 Pac. 698; *Hasie v. Connor*, 53 Kan. 713,
720, 37 Pac. 128; *Richolson v. Freeman*, 56 Kan. 463, 466, 43
Pac. 772; *Gilmore v. Swisher*, 59 Kan. 172, 52 Kan. 426.)  We
are not unmindful of the fact that fraud is rarely susceptible
of positive proof, but that does not dispense with the necessity
of producing evidence to show that fraud existed.  It is not
enough to produce evidence to show that fraud might have
been practiced.  Evidence must be introduced to show that
fraud was practiced.  That evidence need not be direct; it may
be circumstantial, but it must be sufficient to convince a rea-
sonable man that fraud existed.   (6 Encyc. of Ev. 50, 51.)

"A charge of fraud can not be sustained by mere insinuation and
suspicion, strained inference, doubtful or suspicious circumstances, or
mere conjecture; and evidence which produces a vague misgiving is not
enough.  Where the evidence is capable of an interpretation which makes
it equally as consistent with defendant's innocence as with his guilt, that
meaning must be ascribed to it which accords with his innocence."   (20  .
Cyc. 121.)

Applying these rules, we must conclude that there was not
evidence sufficient to warrant the court in submitting to the
jury the question of fraud in inducing the plaintiff to write
the letter to Webb.

2.  What was the effect of the letter?  The plaintiff said,
"I would like some kind of position with your company, as I
settled fairly with the Company and without any trouble."  A
shorter statement is, "I setted with the company."  The de-
fendant contends that this constitutes a ratification of the re-
lease signed by the plaintiff.  The court in effect instructed
the jury that the letter ratified the settlement unless the letter
was procured to be written by fraud.

"A ratification is defined to be the confirmation of a previous act done
either by the party himself or by another; it is the confirmation of a
voidable act.  23 Am. Eng. Encycl. L. 889.  And a confirmation neces-

sarily supposes a knowledge of the thing ratified. *Blen v. Bear River, &c., Mining Co.,* 20 Cal. 613; *San Diego Railroad Co. v. Pacific Beach Co.,* 112 Cal. 53. It follows, then, that in order to constitute a ratification there must be an acceptance of the results of the act with an intent to ratify and with full knowledge of all the material circumstances. *Ansonia v. Cooper,* 64 Conn. 544." (*Russell v. Erie Railroad Co.,* 70 N. J. Law, 808, 816, 59 Atl. 150, 67 L. R. A. 433, 437.)

The letter is before us. Its language is clear and plain. Parol evidence is generally inadmissible for the purpose of showing that the words used were not intended to have the legal effect ordinarily following their use. (*Gowans v. Pierce,* 57 Kan. 180, 45 Pac. 586.)

"The construction of written instruments is a question of law for the court, and ordinarily it is error to submit such a question to the jury." (*Shear Co. v. Thompson,* 80 Kan. 467, syl. ¶ 1, 102 Pac. 848.)

(See, also, *Warner v. Thompson,* 35 Kan. 27, 10 Pac. 110; *Bell v. Keepers,* 37 Kan. 64, 14 Pac. 542; *Cosper v. Nesbit,* 45 Kan. 457, 25 Pac. 866; *Ellis v. Woodruff,* 88 Kan. 734, 738, 129 Pac. 1193; 9 Cyc. 591.)

"But where the construction of a written contract depends upon extrinsic facts as to which there is a dispute, its construction is a mixed question of law and fact, and is for the jury under proper instructions from the court." (9 Cyc. 591.)

The construction of this letter does not depend on any extrinsic fact about which there is a dispute. The plaintiff made the settlement. At the time he made it he was under the influence of anæsthetics. That fact does not modify the meaning to be attached to the language used in the letter written when not under the influence of anæsthetics. What did the plaintiff mean when he said, "I would like some kind of position with your company, as I settled fairly with the Company and without any trouble?" There is only one answer. That answer is, "I settled with the company." If he settled with the company this action is at an end. By using that language the plaintiff in effect said, "Any claim I may have had against the company has been settled." He then recognized that he had settled with the defendant, acknowledged that settlement as such, and confirmed and ratified it.

The judgment is reversed. It is directed that judgment be entered for the defendant.