Buxton v. Colver.

---

No. 21,466.

A. E. BUXTON, *Appellee*, v. C. B. D. COLVER, *Appellant*.

SYLLABUS BY THE COURT.

1. REAL-ESTATE BROKER—*Binding Contract by Correspondence.* Correspondence between a landowner and a broker by letters and telegrams, relating to finding a purchaser for land and to the commission to be paid, is held to constitute a binding contract between them, and the interpretation of such a contract is a question of law for the court.

2. SAME—*Complete and Unambiguous Contract—May Not be Modified by Parol.* The contract, being complete and unambiguous and having provided for the payment of a specified commission if a purchaser of land was procured by the broker on stipulated terms, without any limitations as to the person to whom the sale might be made, must be regarded as a complete expression of the entire agreement as to commission, and it cannot be contradicted, added to, or modified by parol evidence of a prior oral agreement to the effect that no commission was to be paid if a sale was made to a particular person.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed April 6, 1918. Affirmed.

*M. A. Merten,* of Hoisington, and *W. E Broadie,* of Kinsley, for the appellant.

*A. L. Moffat,* of Kinsley, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover a real-estate agent's commission. Plaintiff alleged that the defendant made a written contract authorizing the plaintiff to sell certain real estate owned by defendant, and the following letter from the defendant to the plaintiff under date of October 6, 1916, was set forth as constituting that contract:

"In reply to yours of the 5th asking if I would sell the W ½ of sec. 4 25 21 for $47.50 per acre, ½ cash, balance five years at 7 per cent and allow you the regular commission. I cannot let this land go for less than $50.00 per acre and this price is subject to prior sale or change without notice. . . . P. S. This $50.00 price of course is subject to the regular commission of 5 per cent on the first $1,000.00 and 2½ on the balance."

Plaintiff alleged that by this contract defendant agreed that if plaintiff should be in any manner instrumental in selling the property or producing a buyer at the price named, defendant would pay plaintiff the commission mentioned. Plaintiff further alleged that he accepted the proposition of defendant, and that in pursuance of the contract so made he sold the land on October 27, 1916, to Jacob Konradi at $50 per acre, and immediately sent defendant the following telegram:

"Have sold your west half section 4 25 21 Ford county, . . . You to furnish abstract showing good merchantable title and pay me regular commission as stated in your correspondence. Wire acceptance immediately."

The defendant then sent the following telegram on October 27: "Your offer accepted send me contract for execution."

A contract of sale was prepared by plaintiff, signed by Konradi and sent to defendant, who, together with his wife, signed it and returned it to the plaintiff for delivery to the purchaser, who is and always has been ready and willing to pay for the land according to the contract. Plaintiff asked a recovery of $425 claimed as commission, with interest.

In the answer of the defendant, as finally amended, he admitted the correspondence and the execution of the contract

already mentioned, but he alleged that the land had been listed with plaintiff at $50 per acre sometime in 1915, and that before the correspondence was had and about July, 1916, the parties made an oral agreement that plaintiff was to receive no commission if the land was sold to Jacob Konradi, as the latter had been dealing directly with the defendant, and that the letters and telegrams mentioned "were only for the purpose of inducing the defendant to sell for a less price, of reiterating the terms of the original listing, and of clearing up any possible uncertainties and misunderstandings."

The court, upon motion of the plaintiff, struck out the averments as to a prior oral agreement, and upon a stipulation between the parties to the effect that the written correspondence was correctly set out in the plaintiff's petition, that the contract executed between defendant and Konradi attached to the petition had been procured through the efforts of plaintiff, and, further, that no commission had ever been paid, the court excluded testimony of prior negotiations and gave judgment for plaintiff, from which defendant appeals.

The contention of the defendant is that the writings constituted but a part of the contract between them, and were not conclusive upon him, and, therefore, he should have been allowed to show the earlier oral negotiations and agreements. A binding contract may be made by the interchange of letters and telegrams, and the interpretation of such contract is a question of law for the court. (*Shear Co. v. Thompson,* 80 Kan. 467, 102 Pac. 848.) The contract involved here is complete and unambiguous, and there being no claim that it was induced by deceit, it is as conclusive upon the parties as if it had been reduced to a single writing in the most solemn form. It must be regarded as a complete expression of the entire agreement and as embodying all prior agreements and understandings. To allow it to be altered, added to, or modified, would be to substitute a new contract for the one deliberately made by the parties. (*Rose v. Lanyon,* 68 Kan. 126, 74 Pac. 625; *Shear Co. v. Thompson,* 80 Kan. 467, 102 Pac. 848; *Mill & Elevator Co. v. Saunders,* 96 Kan. 459, 152 Pac. 622.) The subject of procuring a purchaser, and the commission to be paid if one was found, was included in and became a part of the written agreement, and all prior negotiations and understandings relating to the commission must be deemed to be merged in that

agreement. According to the agreement, the commission was to be paid when a purchaser was procured, regardless of the person procured. By its terms the only limitation upon the plaintiff was to find a purchaser for the land at the price fixed, namely, $50 per acre; and when a purchaser was found ready to take the land at that price the commission was earned. No limitation was made as to the field or class from which a purchaser might be taken, and to add an exception that a commission should not be paid if the land was sold to a particular person would directly conflict with the written stipulation. The defendant insists that the written contract is evidently only a part of the agreement of the parties, and he complains that he was not permitted to show that the writing was only a partial statement of the prior parol agreements. The writings import on their face to be a complete expression of the whole agreement. It has been said that—

"The writing cannot be proved to be incomplete by going outside and proving that there was an oral stipulation entered into and not contained in the written agreement, nor can parol evidence be admitted to prove a contemporaneous agreement that a written instrument which appears upon its face to be duly executed, intelligible, unambiguous, reasonable, and complete, should be considered only as the basis or outline of a contract to be subsequently filled out with stipulations other than those contained in the writing." (17 Cyc. 716.)

Defendant appears to have proceeded for a time upon the theory that he was bound by the written agreement. When defendant was informed that a purchaser had been found, and that he was to pay a stipulated commission, he signed a contract in which Konradi was named as the purchaser. He closed the transaction knowing to whom the sale had been made, and knowing also that the regular commission was required of him. In a way, he recognized his liability to pay a commission by executing a contract of sale after he had discovered that Konradi was the purchaser and that a commission was demanded.

However, he was clearly bound by the terms of the written contract, and therefore the judgment is affirmed.