No. 21,985.

NANCY E. LINDSAY, *Appellee,* v. THE HALSTEAD MILLING &
ELEVATOR COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Proof of Injury of Employee—Report Made by
Himself Inadmissible as Evidence.*  Under the workmen's compensa-
tion act, a written report concerning the injury of an employee, made
by another employe or manager, at the request of the employer, which
report contains statements regarding the accident and the injury to
the employee, but which shows, on its face, that the statements are
those of the injured employee and are not the admissions of the em-
ployer, is not admissible in evidence for the purpose of proving that
the accident occurred, or of proving the nature of the injury.

Appeal from Harvey district court; FRANK F. PRIGG, judge.
Opinion filed March 8, 1919.  Reversed.

*T. A. Noftzger,* and *George W. Cox,* both of Wichita, for the
appellant; *Samuel A. Harper,* of Chicago, Ill., of counsel.

*Clarence Spooner,* of Newton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, under the workmen's com-
pensation law, recovered judgment for the death of her hus-
band, David E. Lindsay, alleged to have been caused by an in-
jury sustained by him while in the defendant's employ. The
defendant appeals. The contest was over the cause of Lind-
say's death.

The first question argued by the defendant is that "there
was no competent evidence offered to prove that the deceased's
death was caused by an injury, and the demurrer of the defend-
ant to the evidence of the plaintiff should have been sustained."
The only evidence which tended to prove that Lindsay had re-
ceived any injury was contained in a report made, apparently,
by the defendant to some liability insurance company. A part
of the information contained in the report was given by Lind-
say to D. T. Davis, an employee of the defendant and manager
of the elevator in which it was alleged that Lindsay was in-
jured. At the defendant's request, Davis obtained the infor-
mation two days after the alleged accident occurred, and sent

the report to the defendant. That report showed that Lindsay stated that he had been injured while he was replacing the driving belt of the elevator, which had become choked; that the belt had slipped off; and that he felt the injury in his bowels. The report contained the following statement: "We believe his explanation above is correct—a strain of the abdomen by misapplied exertion." It is argued that the report was incompetent; that it was hearsay; that it contained self-serving declarations by Lindsay; and that it was not a part of the *res gestæ*. That part of the report relating to the accident and the nature of the injury sustained by Lindsay was based on information obtained from him. He was the only person that knew about the accident; no other person saw it. If Lindsay had made the report it would have been inadmissible, because it would have been self-serving, and not a part of the *res gestæ*. Neither Davis nor the defendant knew anything about the accident or the injury occasioned thereby, except through information received from Lindsay, although the report did contain statements touching other matters of which both Lindsay and the defendant had actual knowledge. So far as the latter statements were concerned, the report was admissible, but so far as the statements relating to the accident and the injury were concerned it was inadmissible, for the reason that those statements were based entirely on information obtained from Lindsay and were not admissions by the defendant that they were true. The conclusion reached is supported by *Englebretson v. Industrial, etc., Com.,* 170 Cal. 793; *C. & A. R. R. Co. v. Industrial Board,* 274 Ill. 336; *Reck v. Whittlesberger,* 181 Mich. 463.

In *Railway Co. v. Burks,* 78 Kan. 515, 96 Pac. 950, this court held that the reports of railroad car inspectors, regarding the condition of a car coupler, cannot be received in evidence as admissions by the defendant of the facts stated in the reports, unless the reports have been adopted or promulgated in an authoritative way by some official having power to bind the corporation by admissions.

The conclusion reached renders it unnecessary to discuss the other question presented by the defendant.

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendant.