No. 22,035.

THE BLOOM EQUITY EXCHANGE, *Appellee,* v. JOHN STEPHANS, *Appellant,* et al.

### SYLLABUS BY THE COURT.

1. ORAL CONTRACT—*Sale of Wheat—Conflicting Evidence—Issue for the Jury.* In an action for damages caused by failure to perform a contract according to its terms, where there is a conflict in the evidence concerning the terms of an oral contract, it is proper for the court to instruct the jury to find what the terms of the contract were, and to base the verdict on that finding.

2. SAME—*Evidence—Damages.* There was evidence from which the jury could ascertain the amount of damages sustained by the plaintiff.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 5, 1919. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

*F. L. Martin, John M. Martin,* and *Walter F. Jones,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Defendant Stephans appeals from a judgment against him for damages sustained by the plaintiff in a wheat transaction between them.

1. Complaint is made of the following instruction:

"The jury are instructed that you will first determine what the contract was and determine whether or not it was agreed that this wheat was to be free from rye and if it was bought for seed wheat, and if you find that the contract was as claimed by the plaintiff, you will then de-

termine the amount of plaintiff's damages, if any; and if you find that the defendant delivered the kind of wheat that he agreed to deliver, then your verdict will be for the defendant."

Stephans contends that the contract was in writing, and that it was the duty of the court to determine what the contract was. The difficulty with this contention is that the evidence tended to show that there was no written contract, and that the evidence concerning the terms of an oral contract was conflicting.

The evidence for the plaintiff tended to prove that Stephans contracted with the plaintiff to sell it a carload of good seed wheat, absolutely free from rye; that the wheat delivered had more than two per cent of rye in it; and that it could not be sold for seed wheat. The evidence for the defendant tended to prove that nothing was said in the contract about rye, and that the wheat furnished was clean wheat. The contract was made first by conversation over the telephone, and afterward a confirming letter was sent by each party to the other. The letters disagreed as to the terms of the contract. Stephans denied receiving the plaintiff's letter, but there was evidence which indicated that he did receive it. Neither party objected to the terms outlined in the letter of the other.

The rule contended for by Stephans was clearly stated in *Shear Co. v. Thompson,* 80 Kan. 467, 102 Pac. 848, where the court said:

"The construction of written instruments is a question of law for the court, and ordinarily it is error to submit such a question to the jury." (Syl. ¶ 1.)

This language was quoted in *Frazier v. Railway Co.,* 97 Kan. 285, 288, 154 Pac. 1022, where a number of other decisions were cited. The rule itself implies that there is an exception to it. The exception was stated in *Frazier v. Railway Co.,* supra, in a quotation taken from volume 9 of Cyc., at page 591, as follows:

"But where the construction of a written contract depends upon extrinsic facts as to which there is a dispute, its construction is a mixed question of law and fact, and is for the jury under proper instructions from the court."

Under the evidence, there was nothing for the court to do but instruct the jury to find what the terms of the contract were, and base the verdict thereon. (13 C. J. 781; 6 R. C. L.

[Contracts, §§ 249, 250] pp. 862-865; 2 Page on Contracts, § 1129.)   There was no error in giving the instruction.

2.   Complaint is also made of the following instruction:

"The jury are instructed that if you find for the plaintiff, the plaintiff's measure of damages is the difference between what said wheat would have been worth at Bloom, Kansas, for seed wheat, if it had been free from rye, on the date of its delivery at Bloom, Kansas, and what it was worth on the market at Bloom, Kansas, on that date in the condition in which it was actually received.   To any amount of damage you allow plaintiff you will add six per cent per annum from Sept. 1, 1917.   Plaintiff cannot recover more than the amount of damage claimed in his petition, with interest added thereto."

Stephans argues that the plaintiff "must prove, that the failure of the appellant to comply with the contract resulted in damage to the appellee, and it must introduce evidence as to just how much that damage was."

The plaintiff did what Stephans contends should have been done.   It introduced evidence to prove that the contract price for the wheat was $2.85 a bushel; that the market price for seed wheat of the kind contracted for at the time and place of delivery was $2.91 a bushel; that the amount realized from the sale of the wheat delivered was $3,722.70; and that the loss sustained by the plaintiff was $541.73.   There was evidence to establish that the market price for the kind of wheat furnished had declined forty cents a bushel, but there was no evidence that the market price of the kind of wheat contracted for had declined.   The instruction was based on evidence, and was not erroneous.

The judgment is affirmed.