No. 22,449.

THE CITY CENTER BANK OF KANSAS CITY, MISSOURI, *Appellant*, v. THE CITY OF ROSEDALE, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE AND PURCHASE — *Machine* — *Official Records of City* — *Impeachment by Parol Evidence*. In an action against a city for the purchase price of a sewer-cleaning machine it is held that the official records of the city showing the adoption by the city council of a resolution authorizing the mayor to purchase the machine cannot be impeached by the parol evidence of some of the members of the city council at that time to the effect that they had no recollection of the adoption of the resolution. (*Manufacturing Co. v. Porter*, 103 Kan. 84, 172 Pac. 1018.)

2. SAME—*Directed Verdict*. There being no competent evidence offered by the city to dispute the plaintiff's claim it was error to submit the cause to the jury, and plaintiff's motion for a directed verdict should have been sustained.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 12, 1921. Reversed.

*E. S. McAnany, M. L. Alden, T. M. Van Cleave*, all of Kansas City, and *L. E. Wyne*, of Kansas City, Mo., for the appellant.

*Rush L. Fisette*, and *Louis R. Gates*, both of Rosedale, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued to recover the sum of $1,500 and interest for the purchase price of a sewer-cleaning machine sold and delivered to the city of Rosedale. There was a verdict and judgment in favor of the city, from which the plaintiff appeals.

The petition alleged that in 1914, the city of Rosedale by its mayor and pursuant to a resolution of its council accepted a written proposition from the Henry Sieben Sewer Cleaning Company for the sale to the city of a sewer-cleaning machine at the agreed price of $1,500; that the city accepted the machine and has refused payment, and that the Sieben Company sold and assigned its claim to the plaintiff bank. The answer of the city denied that the city had ever by resolution or other-

wise authorized the mayor to purchase the machine; denied that it was indebted to the plaintiff in any sum, but admitted that it had possession of the machine which it alleged belongs to the Sieben Company, and further, that prior to the beginning of the action the city had offered to return the machine to the company and the company had refused to accept it.

The plaintiff introduced the evidence of the former mayor of the city, who testified that Mr. Sieben brought the machine to Rosedale and made a demonstration on one of the sewers; that the machine worked satisfactorily; that afterwards the city council instructed him by resolution to purchase the machine and that he accepted the written proposition, the original of which was introduced in evidence, signed by the Sieben Company and by himself as mayor. He testified that there was some misunderstanding between the city treasurer and the city clerk as to the fund upon which the warrants in payment of the machine were drawn and that the city treasurer refused to pay the warrants.

The president of the Sieben Company testified to the delivery of the machine and identified the order given him by the city clerk signed by the mayor, and testified further that after accepting the machine the city delivered to the witness two warrants, each for $750, in payment for the machine which he afterwards transferred to the plaintiff bank. The records of the proceedings of the city council of February 24, 1914, were introduced in evidence, reciting the purchase of the cleaner, and that on motion the mayor was instructed to purchase the machine from the Sieben Company at $1,500, and that a warrant was ordered drawn on the street fund for the purchase price.

There was no competent evidence offered by the city to dispute the plaintiff's claim. The former city treasurer testified that the city had never appropriated any money to pay the warrants issued to the Sieben Company for the machine; and a member of the city council for 1914 testified that he had no recollection of any resolution or ordinance having been passed authorizing the purchase of the machine or the issuance of the warrants. Another witness, who was a member of the council that year, also testified that he had no recollection of the resolution having been adopted and had no knowledge that the machine had been purchased. Of course, the official records of

the city council could not be impeached by parol evidence of members of the council to the effect that they had no recollection of the adoption of such a resolution. The evidence was not competent for any purpose.

In *Manufacturing Co. v. Porter*, 103 Kan. 84, 172 Pac. 1018, it was held that the minutes of the records of a private corporation could not be impeached by the parol evidence of the directors who did not remember the directors' meeting or what transpired thereat and that the association was estopped to dispute the accuracy of its corporate minutes.

The court erred in submitting the case to the jury. The contract for the sale and purchase of the machine was in writing. There was nothing ambiguous about it, and the construction of the contract was a question of law for the court. (*Shear Co. v. Thompson*, 80 Kan. 467, 102 Pac. 848; *Buxton v. Colver*, 102 Kan. 871, 171 Pac. 1158.) The written contract and the resolution adopted by the city council showed an unconditional offer on the part of the Sieben Company and an unconditional acceptance on the part of the city of a proposition for the sale of the machine at a stipulated price. There was testimony that the machine is in the possession of the city and has been since the purchase. Plaintiff's motion for a directed verdict should have been sustained.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff for the amount of the claim with interest.