### No. 27,797.

ELIZA BOLINGER, *Appellant* and *Cross Appellee*, v. B. E. GILES, W. W. BARRETT and A. N. GLANCY, *Appellees* and *Cross Appellants*.

(262 Pac. 1022.)

#### SYLLABUS BY THE COURT.

1. PLEADING—*Petition Stating Cause of Action for Tort or Money Had and Received—Right to Waive Tort Action—Election of Remedies.* In an action for the recovery of money and the money value of a chose in action obtained from plaintiff without consideration and through the fraudulent misrepresentations of defendants, where the allegations of the petition were sufficient to state a cause of action in tort and also to state a cause of action for money had and received, and where defendants joined issues by answer and without objection to the allegations of the petition, when plaintiff had presented her evidence and during the argument on the demurrer to plaintiff's evidence, her counsel announced that he would waive so much of his cause of action as sounded in tort and the evidence pertaining thereto and would rely on plaintiff's right to recover against defendants for money had and received: *Held,* that such waiver did not violate any rule of trial practice and that the doctrine of election of remedies was neither infringed nor violated thereby.

2. MONEY RECEIVED—*Failure of Consideration—Evidence.* Plaintiff's evidence examined and held sufficient to establish the liability of defendants for money had and received without consideration and that defendants' demurrer thereto was erroneously sustained.

---

Appeal and Error, 3 C. J. pp. 960 n. 79, 985 n. 34; 4 C. J. pp. 1185 n. 56, 1186 n. 62; 2 R. C. L. 281. Corporations, 14 C. J. p. 273 n. 82. Judgments, 33 C. J. p. 1156 n. 57. Money Received, 41 C. J. pp. 29 n. 7, 35 n. 37, 70 n. 88. Pleading, 31 Cyc. p. 101 n. 95.

Bolinger v. Giles.

3. APPEAL AND ERROR—*Cross Appeal—Necessity of Motion for New Trial.* In a cross appeal, the facts of a defense to an action for money had and received based upon an alleged compromise and settlement of plaintiff's claim therefor in another action considered, and held that the trial court's ruling thereon based on its consideration of the evidence is not reviewable for want of the timely presentation of a motion for a new trial by the cross appellant—following *King v. Stephens,* 113 Kan. 558, 563, 215 Pac. 311.

4. APPEAL AND ERROR—*Disposition of Cause—Ordering Final Judgment on Reversal.* Where all the controlling facts to determine a liability are established and after two trials and two appeals no defense to the liability is disclosed and where a new trial would serve no purpose, final judgment may be ordered by the supreme court under R. S. 60-3317—following *Manufacturing Co. v. Porter,* 103 Kan. 84, 172 Pac. 1018.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 7, 1928. Affirmed in part and reversed in part.

*F. L. Martin* and *James N. Farley,* both of Hutchinson, for the appellant.
*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff sued defendants for $2,000 on account of money and property obtained from her by defendants through fraudulent representations and without consideration. The pleadings were stated with sufficient detail when the case was here before (118 Kan. 761, 236 Pac. 658) and need not be repeated.

On the new trial the evidence quite largely followed the trend of the former trial, and at the conclusion of plaintiff's evidence defendants demurred thereto. During the argument on the demurrer counsel for the plaintiff stated that he was willing to waive the tort and elect to recover on the theory that the defendants received plaintiff's money without consideration. Thereupon the court announced that it would sustain the demurrer on that ground, and judgment was accordingly entered for defendants.

Hence this appeal, and the principal error assigned pertains to the ruling on the demurrer. To justify it, appellees invoke the doctrine of election of remedies which holds that when an aggrieved party has alternative courses of procedure open to him, either of which will afford him redress but which are inconsistent with each other, and one of these courses is adopted and pursued, he is precluded from abandoning that course and adopting the other. But plaintiff did not prosecute alternative courses of procedure, nor seek to exact

alternative or inconsistent remedies. True, her petition contains ample recitals to state a cause of action in tort, but it also did state a cause of action for money had and received, and no objection was raised to her pleading. Plaintiff's cause of action was founded on two quite consistent theories of defendants' liability—one, that the defendants were liable to her for money and money's worth as joint wrongdoers, and the other, that defendants were liable to her for money and money's worth had and received without consideration. All the essential facts to recover on either theory of defendants' liability were pleaded; the relief prayed for was single and identical —$2,000; there was no change of pleading or proof suggested by plaintiff; and the rule of this jurisdiction is that where a cause of action is sufficiently stated and sufficiently proved the court will adjudge and decree the proper legal redress, however that may differ from the pleader's conception of it. (*Bank v. Bank,* 103 Kan. 865, 867, 176 Pac. 658; *Ruf v. Grimes,* 104 Kan. 335, 338, 179 Pac. 378; *Wellington v. Insurance Co.,* 112 Kan. 687, 212 Pac. 892.) Nothing at variance with this is said in *Ireland v. Waymire,* 107 Kan. 384, 191 Pac. 304, or any of the cases treating of election of remedies cited by appellees.

When the demurrer to plaintiff's evidence was being argued the trial court remarked:

"I don't see yet where Giles is liable. I can see from the supreme court decision where Barrett and Glancy are liable."

Apparently it was merely to simplify matters that counsel for plaintiff then said that he would waive all consideration of the tort and stand on the proposition that defendants had received plaintiff's money and property without consideration. This was proper and not unusual practice. It is the law that if two men obtain the money of a third without consideration, the latter has a cause of action for its recovery, and the question whether they obtained the money by fraud is frequently immaterial. It was immaterial to a recovery in this case. According to the evidence, the truth of which was conceded by defendant's demurrer, defendants Giles, Barrett, Glancy and others undertook to form a corporation or common-law trust, and contracted with plaintiff through their agent Glancy on that basis. By that contract, whether made by Glancy in innocence or fraud, a liability accrued when there was a total failure of consideration for plaintiff's money and money's worth. If it was an ordinary

corporation which defendants undertook to organize, but failed to do so, defendants are liable as partners for the obligations incurred on behalf of the abortive corporation. (*Lithographing Co. v. Crist,* 98 Kan. 723, 160 Pac. 198; *Bank v. Niquette,* 103 Kan. 410, 179 Pac. 360.) If it was a common-law trust, they were liable individually. (*Linn v. Houston,* 123 Kan. 409, 255 Pac. 1105.)

Giles' relationship to the transaction whereby plaintiff parted with her money and money's worth was shown by the minutes of the abortive corporation, Las Crusadas Mining Company. He admitted that he participated in all its deliberations as shown by those minutes. He served as director, voted to elect Barrett as president and Corp as secretary-treasurer. Giles himself was elected vice president, and voted in favor of a resolution "creating and delegating A. N. Glancy to act as fiscal agent for this company;" and voted to authorize Barrett to "proceed in any manner he decreed best to finance the corporation." Such a course of conduct on Giles' part renders him liable if there is any liability resting on any of these defendants for the receipt of plaintiff's money and property.

Looking again at the petition, while many of its details concerning fraud must be regarded as waived—just as if she had failed to prove those details, it did allege that plaintiff delivered to Glancy, fiscal agent of defendants' abortive corporation or trust, the sum of $805 in cash and assigned to him a contract note or due bill for $1,195, which was subsequently collected and retained by defendants.

"And the said A. N. Glancy did thereupon deliver the said contract and said check and note to the defendant W. W. Barrett for the use and benefit of the defendants and the defendants did thereby receive said sum of $2,000. . . .

". . . That the only money paid into the said corporation was paid by the plaintiff and her husband and the same was received by the defendants, B. E. Giles and W. W. Barrett, and wholly converted to their own use."

It was shown that Glancy received plaintiff's money and contract note as alleged and that he delivered the same to Barrett. And since Giles and the others had conferred a fiscal agency on Glancy and an agency with plenary powers on Barrett, a delivery of plaintiff's money and contract to Barrett was a delivery to all concerned, which of course included Giles. It is therefore clear that the trial court's ruling on the demurrer to plaintiff's evidence was erroneous and cannot stand.

We have also a cross appeal in this case. After this court decided that plaintiff's cause of action was sufficiently pleaded and proved against a demurrer to her evidence and remanded the cause for a new trial, plaintiff filed an action against the executor of the estate of her late husband, William Bolinger, in which she charged that her husband had been an agent of Barrett, Giles, Glancy and others, and that he induced her to invest $2,000 in defendants' abortive "Las Crusadas Mining Company," and that she received no consideration therefor except certain worthless certificates purporting to be the obligations of a common-law trust. In this action, also, she alleged that relying implicitly on certain false statements of her husband and another she had been induced to invest $5,000 in another worthless concern, the Uhls Clinic Corporation. Another matter also involved in that litigation was an antenuptial contract which she sought to set aside. The action was compromised and settled by the payment of $9,000 to Mrs. Bolinger by her husband's executor, and a stipulation to that effect was filed, together with a motion by plaintiff for a dismissal with prejudice which, however, provided that—

. "Plaintiff expressly reserved her right of action against all the other parties mentioned in the petition herein, to wit: William Barrett, B. E. Giles, A. N. Glancy and W. Corp."

Judgment of dismissal with prejudice was accordingly entered in *Bolinger v. Bolinger's Executor*, but plaintiff's reservation of her rights against these defendants was expressly included therein.

By a supplemental answer, defendants pleaded the action, settlement and dismissal with prejudice of the case of Mrs. Bolinger against Bolinger's executor as a defense to the present action. Evidence was introduced by defendants which tended to impeach the accuracy of the terms of the settlement and dismissal of the action of Mrs. Bolinger against the executor, and to show that it was intended to release her claim against these defendants. But the trial court decided that there was no settlement and no release of any of the defendants by reason of plaintiff's settlement with the executor; and it is against this ruling that the appellees bring their cross appeal. Under our simplified practice a cross appeal may be taken quite informally—by notice to the adverse party any time before the cause is assigned for review (R. S. 60-3314), and the questions sought to be reviewed may be presented with other matters discussed in the

briefs. But to get a review of a ruling on the sufficiency of evidence to maintain an action or defense, a motion for a new trial is just as much a prerequisite in a cross appeal as in any other appeal. Here there was no motion for a new trial by the cross appellants, so they are concluded by the trial court's ruling on the issue of fact decided adversely to their contention. (*King v. Stephens,* 113 Kan. 558, 563, 215 Pac. 311.)

Where do these conclusions leave this lawsuit? Manifestly the judgment of the trial court cannot stand as against the plaintiff. Is there anything left to try anew? It is no favor to defendants to prolong this litigation unless there is some way apparent by which they can escape their liability to plaintiff. (*Manufacturing Co. v. Porter,* 103 Kan. 84, 172 Pac. 1018.) The code provides that in any proper case, "the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court." (R. S. 60-3317.)

In *Mitchell v. Derby Oil Co.,* 117 Kan. 520, 531, 232 Pac. 224, it was said:

"Under authority of this code provision, judgments for defendants on jury verdicts have been reversed and money judgments for plaintiffs directed by this court. (*Bank v. City of Rosedale,* 108 Kan. 474, syl. ¶ 2, 196 Pac. 770.) Judgments for defendants on jury verdicts in ejectment actions have been reversed and judgments decreeing possession to plaintiffs have been ordered (*Charpie v. Stout,* 88 Kan. 318, 128 Pac. 396; id. 682, 129 Pac. 1166), and nothing is more common than directed judgments of this court *non obstante veredicto* in actions on promissory notes (*State Bank v. Grennan,* 116 Kan. 442, 227 Pac. 530), in actions for damages (*Martin v. City of Columbus,* 96 Kan. 803, 153 Pac. 518; *Tache v. Railway Co.,* 97 Kan. 571, 155 Pac. 922), in actions on wills (*Wisner v. Chandler,* 95 Kan. 36, 147 Pac. 849), where special findings of the trial court or jury clearly demonstrated that justice so required. See, also, *City of Washington v. Investment Co.,* 117 Kan. 15, 230 Pac. 311."

And so here. It is no longer a disputable question of fact whether defendants obtained $805 of plaintiff's money. They did receive it. They also received her contract note for $1,195 on which they eventually received the cash. They gave her nothing in return. They are therefore liable to her for $2,000 and interest thereon and she is entitled to judgment therefor. It follows that on defendants' cross appeal the judgment must be affirmed and on plaintiff's

appeal the judgment must be reversed and the cause remanded with instructions to enter judgment in her behalf.

It is so ordered.

HUTCHISON, J., dissents from the fourth section of the syllabus and the corresponding portion of the opinion.