PEW, Appellant, v. McLEISH, Respondent.

(No. 4,626.)

(Submitted February 3, 1922. Decided March 6, 1922.)

[205 Pac. 235.]

*Principal and Agent—Unauthorized Act of Agent—Ratification—Evidence—Insufficiency.*

Principal and Agent—Act of Agent—Ratification—What Constitutes.
1. To constitute ratification of an agent's act, there must be an acceptance by the principal of the results of the act with an intent to ratify and with full knowledge of all the material circumstances.

Same—Ratification—Evidence—Insufficiency.
2. In an action to recover for lumber furnished in the erection of a building the purchase of which was claimed by plaintiff to have been ratified by the defendant owner, by his subsequent promise to pay for it if it had actually been delivered, evidence tending to show ratification *held* insufficient to meet the requirements of the rule above.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

Action by George H. Pew against A. E. McLeish. Judgment for defendant, new trial denied, and plaintiff appeals from the order denying it. Affirmed.

*Mr. Otto A. Gerth,* for Appellant, submitted a brief and argued the cause orally.

In 21 R. C. L. 930, section 109, the rule is laid down that it is the duty of the principal to repudiate the act of the agent upon being informed thereof, if he wishes to escape liability for an unauthorized act made for his benefit.

In 1 Mechem on Agency, sections 480, 481, it is said that the acts of the principal will be liberally interpreted in favor of ratification. Where the agency is sought to be proved by a course of conduct even though the evidence is slight, it becomes a question for the jury. In *Washington Sav. Bank* v. *Butchers' etc. Bank,* 107 Mo. 133, 28 Am. St. Rep. 405, 17 S. W. 891, it is held that "where an unauthorized act of an

agent is clearly beneficial to the corporation, a presumption of ratification will arise from slight circumstances.''

*Davis* v. *Nueces Valley Irr. Co.,* 103 Tex. 243, 126 S. W. 4, approves the Missouri case *supra,* and holds further a knowledge of the legal effect of facts is not necessary to a proper ratification. It is further held in this case that a person does not need to know the facts, but may ratify if he has access to the facts or to a means of information.

In the case at bar, the respondent was informed by the plaintiff by two different written statements previously sent, and by a conversation, that plaintiff wanted pay for lumber furnished him through negotiations of Swope. Defendant said, ''If you did furnish the lumber, I will pay you for it''; that was a ratification absolute depending upon the one fact of furnishing the lumber. Whether the defendant could ever be satisfied thereof is not the point; but only whether delivery of the lumber was actually a fact—a thing to be determined by a jury. A contrary holding, it seems to us, would open the door to fraud in cases such as we present here. It would give a person who has had real value conferred upon him an opportunity to dodge the burdens connected therewith. (*Mc-Leod* v. *Morrison & Eshelman,* 66 Wash. 683, 38 L. R. A. (n. s.) 783, 120 Pac. 528.) The words of McLeish as testified to by Pew clearly express an intent to ratify. (*E. Bement & Sons* v. *Armstrong* (Tenn. Ch.), 39 S. W. 899; *Triggs* v. *Jones,* 46 Minn. 277, 48 N. W. 1113.)

*Messrs. Pray & Callaway,* for Respondent, submitted a brief; *Mr. Lew L. Callaway* argued the cause orally.

Appellant claims that there was an implied ratification. In considering whether or not there was such substantial evidence of an implied ratification as to cause this court to declare that the trial court abused its discretion in directing the verdict, the court will not be unmindful of the rule that where the principal's acts and conduct are equally consistent with an intention not to ratify, a ratification will not be implied.

(See *Nord* v. *Boston & Montana etc. Min. Co.,* 33 Mont. 464, 84 Pac. 1116, 89 Pac. 647.) Moreover, it is not necessary, in order to prevent a principal from being bound by the unauthorized act of an agent, that he should expressly repudiate it, since a repudiation or intention not to ratify as well as a ratification may be implied from the acts and conduct of the principal. (*Powell's Admr.* v. *Henry,* 27 Ala. 612; *Henry* v. *Lane,* 128 Fed. 243, 62 C. C. A. 625; *Blevins* v. *Pope,* 7 Ala. 371; *Slocum* v. *Gilman,* 32 N. Y. Supp. 297; *O'Connor* v. *O'Connor,* 45 W. Va. 354, 32 S. E. 276; *White Sewing Mach. Co.* v. *Hill,* 136 N. C. 128, 48 S. E. 575.)

The rule of ratification by the acceptance of benefits implies not only knowledge of all the material facts, but likewise implies the physical power of election to accept or reject what has been received. Thus there is no ratification if the continued enjoyment of the benefits by the principal is unavoidable, as where in taking, using or disposing of a building or other thing he unavoidably enjoys the benefit of work or materials furnished or repairs or improvements made thereon. (*Ayer etc. Tie Co.* v. *Young,* 90 Ark. 104, 117 S. W. 1080; *Woodruff* v. *Rochester etc. R. Co.,* 108 N. Y. 39, 14 N. E. 832; *Mills* v. *Berla* (Tex. Civ. App.), 23 S. W. 910; *Moyle* v. *Congregational Soc.,* 16 Utah, 69, 50 Pac. 806.)

MR. JUSTICE COOPER delivered the opinion of the court.

This action was commenced and tried in the justice's court of Great Falls township. The plaintiff recovered judgment for the amount asked. On appeal to the district court a jury was impaneled and sworn and the case was tried anew. At the close of the introduction of the evidence for both sides, the court, upon motion, directed a verdict in defendant's favor and entered judgment thereon. A motion for a new trial was denied, and this appeal was taken from the order.

In two counts the plaintiff alleges that he sold and delivered to the defendant lumber of the value of $182. The first count charges that J. W. Swope was agent for the defendant,

acted as his architect and manager in overseeing and managing the construction of a garage the defendant was building, and as such had power and authority to make contracts for the purchase of lumber, merchandise and material intended to be used in its construction; that the sale and delivery of the lumber was agreed upon between the plaintiff and Swope as defendant's agent and manager. In the second count it is alleged that the lumber sold to the defendant was reasonably worth $182. The answer was a general denial.

Counsel for plaintiff simplifies the issues by admitting that the plaintiff was unable to prove that the defendant gave Swope authority to act for him, insisting, however, that the evidence shows ratification by a subsequent promise to pay for the lumber, if he found that it had actually been delivered. He insists that the appeal is to be considered ''from the standpoint of whether the court should have nonsuited the plaintiff,'' and that in the determination of the case ''every fact testified to by the plaintiff must be taken as true and conclusively establishing his contentions.'' This limits the inquiry to the legal sufficiency of the evidence to show defendant's acceptance of the lumber.

The proof necessary to establish ratification of unauthorized [1] acts of a supposed agent is stated in section 7940, Revised Codes of 1921, thus: ''A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or restraining [retaining?] the benefit of the act, with notice thereof.''

This court, in *Koerner* v. *Northern Pac. Ry. Co.*, 56 Mont., on page 520, 186 Pac., on page 340, gave its latest interpretation of the above section as follows: '' 'Ratification' is defined to be the confirmation of a previous act done either by the party himself or by another. (23 Am. & Eng. Ency. of Law, 889; 33 Cyc. 1529.) And a confirmation necessarily supposes knowledge of the thing ratified. (Rev. Codes [1907], sec. 5425 [now section 7940]; *Weidenaar* v. *New York Life Ins. Co.*, 36

Mont. 592, 94 Pac. 1.)   It follows that to constitute a ratification there must be an acceptance of the results of the act with an intent to ratify and with full knowledge of all the material circumstances.   (*Frazier* v. *Missouri Pac. Ry. Co.*, 97 Kan. 285, 154 Pac. 1022.)''   The ''material circumstances'' of which the defendant must have had full knowledge in order to effect a ratification are: That Swope was assuming to act for him in the particular matter; and that the lumber was delivered.

To sustain his contention that the case should have been submitted to the jury, counsel quotes from the opinion of this court in *Carlson* v. *Stone-Ordean-Wells Co.*, 40 Mont. 434, 107 Pac. 419, the following: ''In 1 Clark & Skyles on the Law of Agency, section 137, it is said: 'As a general rule, a principal's acts will be liberally construed in favor of a ratification.'   It is an essential element of ratification that the principal shall have full knowledge of all the material facts, unless he intentionally and deliberately ratifies when he knows that he has not such knowledge.''   In that case the defendant, by its own admission, had for more than three years accepted and retained the benefits of a contract made by an unauthorized agent with full knowledge of all the material facts.   Upon that ground the judgment was sustained.

Chief Justice Bigelow of the supreme court of Massachusetts, in *Combs* v. *Scott*, 12 Allen, on page 497, lays down the rule to be applied in the present case, in this language: ''Ratification of a past   *   *   *   transaction, into which an agent has entered without authority, is a purely voluntary act on the part of a principal.   No legal obligation rests upon him to sanction or adopt it.   No duty requires him to make inquiries concerning it.   Where there is no legal obligation or duty to do an act, there can be no negligence in an omission to perform it.   The true doctrine is well stated by a learned textwriter: 'If I make a contract in the name of a person who has not given me an authority, he will be under no obligation to ratify it, nor will he be bound to the performance of it.' (1 Livermore on Agency, 44; see, also, Paley on Agency, 171,

[62 Mont. 437.]

note o.) Whoever; therefore, seeks to procure and rely on a ratification, is bound to show that it was made under such circumstances as in law to be binding on the principal, especially to see to it that all material facts were made known to him. The burden of making inquiries and of ascertaining the truth is not cast on him who is under no legal obligation to assume a responsibility, but rests on the party who is endeavoring to obtain a benefit or advantage for himself. This is not only just, but it is practicable. The needful information or knowledge is always within the reach of him who is either party or privy to a transaction which he seeks to have ratified, rather than of him who did not authorize it, and to the details of which he may be a stranger."

The statement attributed to the defendant in the plaintiff's [2] testimony was this: "If I find that you have actually delivered that lumber, then I will pay for it." By no sort of perversion can this language be construed as an acceptance of the lumber, knowing the circumstances attending its delivery. In an effort to convince McLeish that the lumber had been delivered, the defendant accompanied the plaintiff to a pool-hall in the city of Great Falls where Pew called upon a man sitting there, and said to him in the presence of the defendant, "You hauled some lumber down to McLeish's garage, did you not?" To this the man made no reply. The defendant then propounded this question to the man, "Have you any of the receipts of the lumber you hauled down there?" to which he replied, "No." Mr. Pew then said to him, "You hauled all that lumber that was in that car, except the laths, didn't you?" To this the man replied, "No." This testimony was not denied and tends more strongly to negative ratification than to prove it. Over defendant's objection, Plaintiff's Exhibit "A" was admitted. It is a list of pieces of lumber, there being at the bottom of the sheet this legend.: "O. K. Robertson." The Robertson whose name appears thereon was employed by defendant as a foreman of carpenters on the garage, but without authority to bargain for or accept

[62 Mont. 437.]

materials, as was shown by the evidence. His duty was merely to see that the articles recited in the bill were actually delivered. The list signed by Robertson consisted of no more than a statement of a number of pieces of lumber of different dimensions with the number of board feet, without anything to indicate who furnished it or to whom it was furnished. Having abandoned the claim that Swope had authority to contract for the defendant, this evidence in no degree adds to the proof of ratification already adduced.

From the entire record it is apparent that the plaintiff was unable to show by competent evidence that the lumber was accepted by the defendant with the full knowledge contemplated by the statute, and that it falls within the class of evidence stamped by this court in *Escallier* v. *Great Northern Ry. Co.*, 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac. 458, as too unsubstantial to afford sufficient legal ground for its submission to the jury. Neither Swope nor Robertson had authority to bind the defendant to pay for the lumber, for that would be to say that one man can bind another without his consent. Even if it could be said that both were at fault, the plaintiff, having failed to exercise the prudence demanded of a man in a like situation, was more blamable, and the law affords him no relief.

The order is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Holloway and Galen concur.

Mr. Justice Reynolds, being absent, takes no part in the foregoing decision.